J. C. PENNEY COMPANY, Inc.,
Appellant,

v.

D. D. JONES TRANSFER & WAREHOUSE COMPANY, Inc., Appellee.

No. 12799.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 8, 1969.

Decided March 26, 1969.

 

Edward R. Baird, Norfolk, Va., for appellant.

Marshall T. Bohannon, Jr., Norfolk, Va. (Herbert & Bohannon, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

J. C. Penney Company, Inc., stored goods in a warehouse operated by D. D. Jones Transfer & Warehouse, Inc., under a contract that provided: "All property received in storage will be held at owner's risk or loss * * * from * * * fire, or any other cause beyond our [Jones'] control * * *." Over Penney's objection, the district judge held that this clause placed on Penney the burden of going forward with the evidence and of ultimately proving Jones was negligent in either causing, or failing to extinguish, a fire that destroyed the goods. In reaching this conclusion, the judge rejected Penney's contention that the burden was on Jones to show that the loss was not due to Jones' negligence. Since the cause of the fire could not be definitely ascertained, assignment of the burden of proof was crucial. We believe the district judge correctly interpreted the law of Virginia applicable to this diversity action, and we affirm the judgment for Jones entered on the jury's verdict.

The district judge concluded that this case is governed by Revenue Aero Club, Inc. v. Alexandria Airport, Inc., 192 Va. 231, 64 S.E.2d 671 (1951). There the owner of an airplane agreed that the airport, which undertook to repair the plane, would not be responsible for damage caused "by fire, theft or loss of any kind beyond [the airport's] control." After the plane was destroyed by fire, the owner sued, alleging both breach of contract and negligence. At the trial the owner proved delivery to the airport and the destruction of the plane, but not the cause of the fire. The trial court held this evidence insufficient to estab-

lish liability and entered judgment for the airport. In affirming, the Supreme Court of Appeals reiterated Virginia's well-established rule that when the owner sues on an ordinary bailment contract he makes out a prima facie case by establishing delivery of his property and the bailee's failure to return it. The bailee may escape liability only by showing the property was destroyed without his fault.[1] But, the Court continued, the agreement that the airport would not be responsible for loss of any kind beyond its control made the general rule of bailments inapplicable. While the agreement did not exonerate the airport from its own negligence, it placed upon the owner the burden of going forward with the evidence and ultimately proving the airport's fault.[2]

■ Although *Revenue Aero* dealt with the liability of a bailee who was a mechanic, its rules govern bailments in general and apply to warehousemen. In determining the liability of warehousemen, the Supreme Court of Appeals has drawn generously on the law of bailments developed in cases involving carriers, mechanics, stevedores, and lawyers. And it has expressly held that the common law, and not statutes dealing with warehousemen, apportions the burden of proof in warehouse bailment controversies. Canty v. Wyatt Storage Corp., 208 Va. 161, 156 S.E.2d 582, 584 (1967); John Nix & Co. v. Herbert, 149 Va. 131, 140 S.

E. 121, 123 (1927). The "owner's risk" clause found in the case before us and in *Revenue Aero* are similar. Consequently, *Revenue Aero* is decisive, and the district judge correctly placed the burden of proving negligence on Penney.

■ Nor is the "owner's risk" clause invalidated by Virginia's Warehouse Receipts Act.[3] Penney suggests that § 61–6 of the Act, which forbids a warehouseman from inserting in his receipt any terms and conditions contrary to the Act, must be read along with § 61–11, which places upon a warehouseman the burden of establishing the existence of a lawful excuse for his failure to return property left in his care. Here, however, § 61–6 is not applicable. Penney used Jones' warehouse for a number of years, but Jones never issued warehouse receipts to Penney. Instead, Jones issued, and Penney accepted, unloading reports that contained the "owner's risk" clause. The reports did not meet the requirements for receipts found in § 61–5 of the Act. Missing were the following essential terms: the location of the warehouse where the goods were stored, a statement indicating whether the goods would be delivered to the bearer or to a specified person, the rate of the storage charges, and the signature of the warehouseman. Absence of these terms reveals the parties did not intend to deal through warehouse receipts. Cf. Graves v. Garvin, 272 F.2d 924, 929

1. This is the rule upon which Penney relies. It was most recently applied in Canty v. Wyatt Storage Corp., 208 Va. 161, 156 S.E.2d 582 (1967). There the Court entered judgment for the owners of property who had proved only delivery to a warehouseman and destruction by fire. The cause of the fire was not shown. The Court pointed out that the effect of the rule was not to shift the ultimate burden of proof from the owner, but merely to shift to the warehouseman the burden of going forward with evidence to prove that the loss was not due to his failure to exercise due care. See also Miller v. Tomlinson, 194 Va. 367, 73 S.E.2d 378 (1952) (garage); Glenn v. Haynes, 192 Va. 574, 66 S.E.2d 509, 26 A.L.R.2d 1334 (1951) (attorney); John Nix & Co. v. Herbert, 149

Va. 131, 140 S.E. 121, 55 A.L.R. 1098 (1927) (warehouseman.)

2. With respect to the negligence count in *Revenue Aero*, the Court held that the burden of proof was also on the owner and that loss by fire from an unexplained origin created no presumption of negligence. Accord, Marsh v. Pennsylvania R.R. Co., 159 Va. 694, 167 S.E. 274 (1933).

3. Va.Code Ann. §§ 61–1 to –58 (1950), repealed by Acts 1968, c. 69. The Act was superseded by the Uniform Commercial Code. Va.Code Ann. §§ 8.7–101 to 8.7–603 (1965). The loss in this case occurred, however, before January 1, 1966, when the Uniform Commercial Code became effective. Va.Code Ann. § 8.10–101 (1965).

(4th Cir. 1959). And nothing in the Act required them to do so. We conclude, therefore, that Jones and Penney were free to fashion their own contract for the storage of goods and that the "owner's risk" clause was valid.

The judgment is affirmed.