In this action the plaintiff, as owner and bailor of an automobile, seeks to recover damages of the defendant bailee for the almost complete destruction of her automobile by fire during the period of bailment. Her complaint is in two counts. The first is patterned upon allegations of negligence and the second upon breach of contract for failure to repair and return the automobile. *Page 452 
The plaintiff's offer of proof, apart from damages, was as follows: In April, 1943, her 1937 Packard Sedan was involved in an accident. Her husband, duly authorized, requested the defendant to tow the car to the latter's garage, where he carried on an automobile repair business, and make the necessary repairs. The defendant agreed to do so. Some weeks later, at about 9 o'clock on the evening of May 11, 1943, the car was almost completely destroyed by fire. It had been standing with other cars in the yard adjacent to the defendant's garage. No other car had become ignited. Captain Cooney of the Stamford Fire Department filed an official report in which he first stated that the "cause" of the fire was "unknown" but later amended the report to read "cause — careless smoker." (The Captain died before the case came to trial and the court has not the benefit of the reason for the amendment.) The battery had been removed from the car before the fire. Employees were permitted to smoke on the premises.
The defendant's offer of proof (after his motion for a non-suit had been denied) was as follows: When he accepted the repair job he stated to the plaintiff's husband that the car would have to remain in the yard because of the smallness of his garage; that other cars upon which repairs were in progress were also kept in the yard. The yard is fenced in on three sides and open on a fourth. Although some repairs had been made to the car before the fire, neither the defendant nor any of his then ten employees had worked on it the day of the fire. His business is open from 7 o'clock in the morning until 7 o'clock in the evening. On the evening in question his garage was closed at the usual time. He is a member of a protective association and his garage doors and premises are checked at 9 o'clock every evening and 3 o'clock every morning.
Actually there is no dispute between the parties on the subordinate facts of the case as stated in the foregoing offers of proof. It is to be noted that there is no evidence as to the time when the fire started. The report of its existence was given to the fire department at 8:52 p. m. and about 9 p. m. was extinguished by firemen after having nearly completed total destruction of the car.
The question is whether liability of the defendant has been established on either of the two counts. Counsel are agreed that the kind of bailment involved was one of mutual benefit *Page 453 
and under the law it was the defendant's duty to exercise reasonable or ordinary care in protecting and safeguarding the plaintiff's car during the period of bailment.
Under the negligence count the plaintiff initially made out a prima facie case even in the absence of affirmative proof of negligence. "The rule in such cases is founded on the nature of a bailment, which involves a delivery of the thing bailed into the possession of the bailee, under a contract to return it to the owner according to the terms of the agreement. The failure of the bailee to perform his contract to return the goods raises a presumption that their nonproduction is due to the negligence of the bailee, and by proof of such nonproduction the bailor makes out a prima facie case of negligence . . ." Murray vs.Paramount Petroleum Products Co., Inc., 101 Conn. 238,242. See, also, O'Dea vs. Amodeo, 118 id. 58, 63. The presumption of negligence which constitutes the prima facie case "may be overcome by the bailee by any explanation which shall satisfy the trier that the loss was not due to his failure to exercise reasonable care in the custody of the goods." Murray case,supra, p. 242. "In such a situation the policy of the law requires that, unless the defendant proves the actual circumstances involved in the loss of the goods, the plaintiff should prevail; if the defendant does prove those circumstances, then the burden of showing that upon the whole case he was negligent rests upon the plaintiff. See Morgan, 47 Harvard Law Review, 59, 79." O'Dea case, supra, p. 63.
The loss of bailed property by reason of theft or fire has resulted in considerable litigation and appellate reviews in other jurisdictions, but not in Connecticut. The fire cases are collected in annotations appearing in 9 A. L. R. 559, 71 id. 767 and 151 id. 716. See, generally, 6 Am. Jur., Bailments, § 376 etseq., p. 457, and 8 C.J.S., Bailments, § 50c(2), pp. 348-349.
The views expressed by the various courts differ widely on the abstract phases. The decision in this case is made to rest on its own facts, lack of facts and reasonable probabilities with due regard to academic pronouncements of our own Supreme Court.
There was no evidence offered by the defendant that he or any of his employees looked over the plaintiff's car, superficially or otherwise, before closing hours on the night in question. His employees were allowed to smoke during working hours and in *Page 454 
all probability one or more did smoke in the yard on the day in question. So also it is reasonably probable that one or more patrons smoked while in the yard on the late afternoon or early evening before closing time on the date in question. Since employees were permitted to smoke it would reasonably follow that patrons were allowed to do so in the absence of evidence to the contrary. There is no evidence that patrons were excluded from the yard. It is reasonably probable that they were not. The fact that the battery had been previously removed eliminates from consideration the possibility that the fire resulted from a short circuit. This aspect strengthens the weight to be accorded Captain Cooney's official report as to the cause of the fire.
In argument defendant's counsel has suggested that a trespasser could have gone into the yard after closing time and carelessly or wilfully set the fire, thus exonerating the defendant from responsibility. If the fire had its origin after the business was closed for the night this view might carry some weight. But there is no evidence one way or the other as to when the fire started. This seems to be a circumstance the proof of which should be placed upon the defendant. The court will not accept the suggestion in the form tendered when to do so would require indulging in speculation. It is common knowledge that a fire may gain momentum in the space of minutes. On the other hand hours may pass before a fire really flares up to any appreciable degree. The defendant has not sought to show one way or the other what is the situation respecting a car on fire which could not have caught fire by reason of a short circuit and with reasonable probability caught fire by reason of a lighted cigarette or other ignited tobacco. The absence of some standard of gauge is important in testing the defendant's position.
A statement appearing in C.J.S., supra, is deemed pertinent: "where ... the bailee attempts no explanation of the circumstances [of the fire] and offers no proof of facts from which an inference of due care may be drawn, he does not rebut the presumption of his negligence arising from failure to return the bailed property."
The foregoing statement appears to be in accord with the Connecticut rule; O'Dea case, supra; and whether the defendant has met his burden presents a question of fact. Brenton *Page 455 vs. Sloan's United Storage Van Co., 315 Ill. App. 278,282, 42 N.E.2d 945; Threlkeld vs. Breaux Ballard, Inc.,296 Ky. 344, 347, 177 S.W.2d 157, 151 A. L. R. 708.
The court concludes that the defendant has not proved the actual circumstances of the fire so as to relieve himself from the force of the presumption in the plaintiff's favor. It therefore follows that the plaintiff's prima facie case stands. Hence the plaintiff is held to prevail on the first count based on negligence.
The result is the same in a consideration of the second count in which breach of contract to repair and return the car is alleged. See Boies vs. Hartford New Haven R. R. Co.,37 Conn. 272, 277, being an action in assumpsit, and 6 Am. Jur.,Bailments, § 369, p. 447.
In attempting to prove damages the plaintiff has run into difficulties. The car had been in a collision before the fire and injured extensively. Plaintiff's expert witness on the value of the car after the collision was not able to give any real assistance. The court accepts the maximum estimate of value placed by the defendant's expert, namely, $100.
The defendant is held to fail on his counterclaim in which he seeks to recover for labor and materials furnished in connection with repairs made after the collision and before the fire.
 In view of the foregoing the issues are found for the plaintiff on both counts of her complaint, and for the plaintiff on the defendant's counterclaim, and an award for damages to the plaintiff in the amount of $100. Costs follow.