MARSHALL WATROUS *v.* MAX SINOWAY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and O'SULLIVAN, JS.

Argued January 4—decided March 22, 1949.

*Isadore Chaplowe,* with whom was *Vincent P. Dooley,* for the appellant (plaintiff).

*Bernard P. Kopkind,* with whom were *James O. Shea* and, on the brief, *Daniel Pouzzner* and *Clarence A. Hadden,* for the appellee (defendant).

O'SULLIVAN, J.  The plaintiff is seeking damages for the contamination by free ammonia of 2200 boxes of apples he had placed in a cold storage plant operated by the defendant. The complaint is in three counts, of which the second sounds in contract and the first and third in tort.  Other than an admission that the defendant is engaged in the cold storage business, the answer to each count is in the nature of a general denial.  From a judgment for the defendant the plaintiff has appealed.

The court found the following facts:  The defendant has operated a cold storage plant in North Haven since 1943.  The equipment, though secondhand when acquired, had been rebuilt and reconditioned and had been installed by a competent refrigerating engineer. Sometime between 10 p. m., January 10, 1946, and 7 a. m. on the following day, a metal flange attached to one of the pipes of the cooling system suddenly split, causing free ammonia to escape and damage a quantity of sound apples which the plaintiff, for a consideration, had previously stored in the plant.  There was no practical method of anticipating that the flange was in danger of breaking.  Proper inspection of a plant of this character consists of looking at the pipes and employing the sense of smell to detect the presence of ammonia in the air.  The defendant customarily performed this routine four to twelve times daily.  His last inspection before the break occurred was at 10 p. m. on January 10.

The first assignment of error is that judgment should not have entered for the defendant on the count sounding in contract.  The gist of this assignment is that,

since there was no affirmative defense of exoneration, the plaintiff should recover upon proof of the existence of the contract of bailment and of the failure of the defendant to return the apples in undamaged condition. The plaintiff was privileged to rest his action in either contract or tort. *Douglass* v. *Hart,* 103 Conn. 685, 690, 131 A. 401; *Hickey* v. *Slattery,* 103 Conn. 716, 719, 131 A. 558. The count under consideration alleged that the defendant was engaged in the cold storage business; that the plaintiff delivered the apples to the defendant to be kept, for a consideration, until he called for them; and that the defendant "failed to maintain, keep and return said apples in the same condition as they were in when stored, as proper storage and refrigeration would have enabled him to do."

The duty of the defendant with respect to the plaintiff's apples flowed from the undertaking, implied at common law and now codified by statute (General Statutes, Rev. 1930, § 4531 [Rev. 1949, § 6506]) that he would use such care in regard to them as a reasonably prudent owner of similar goods would exercise, and from the further undertaking, likewise implied by law, that he would redeliver them upon request. *Automobile Ins. Co.* v. *Model Family Laundries, Inc.,* 133 Conn. 433, 437, 52 A. 2d 137; *Douglass* v. *Hart,* supra, 689. The breach of which the plaintiff complains is not addressed to the latter undertaking, as was the situation in *George* v. *Bekins Van & Storage Co.,* 87 Cal. App. 2d 237, 196 P. 2d 637, to which our attention has been called. See *Alderman Bros. Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 461, 466, 129 A. 47. On the contrary, the plaintiff alleges a breach of the first-mentioned undertaking. The denial by answer definitely raised the issue of proper care. An affirmative defense was not required.

The question which ultimately confronted the trial

court in disposing of each of the three counts was whether or not the defendant was negligent. Upon proof of the delivery of the apples and their subsequent deterioration while in the defendant's plant, the plaintiff, benefited by a presumption of negligence, made out a prima facie case. *Murray* v. *Paramount Petroleum & Products Co.*, 101 Conn. 238, 242, 125 A. 617; *Dejon* v. *Smedley Co.,* 108 Conn. 659, 667, 144 A. 473. "In such a situation the policy of the law requires that, unless the defendant proves the actual circumstances involved in the loss of the goods, the plaintiff should prevail; if. the defendant does prove those circumstances, then the burden of showing that upon the whole case he was negligent rests upon the plaintiff." *O'Dea* v. *Amodeo,* 118 Conn. 58, 63, 170 A. 486; *Malone* v. *Santora,* 135 Conn. 286, 291, 64 A. 2d 51. These principles of law and procedure were recognized and applied by the trial court. It concluded that after the defendant had proved the actual circumstances the plaintiff had not met his burden of establishing, upon the whole case, that the defendant was negligent.

The real obstacle confronting the plaintiff is the finding. Appreciating this, he has attempted to modify and enlarge it, but the key paragraphs which he asks to have stricken must remain, for the facts narrated therein are amply supported by the evidence. Many of the additions he seeks to the finding, which, it must be observed, is terse almost to the point of abbreviation, might well have been found, because they were either admitted or undisputed. It may be that the trier deemed them immaterial or of little moment. But in fairness to the parties the court is rarely justified in omitting facts which, having been proved or conceded, litigants ask to have incorporated in the finding. *State* v. *Pisano,* 107 Conn. 630, 631, 141 A. 660; *Bridgeport Airport, Inc.* v. *Title Guaranty &*

*Trust Co.,* 111 Conn. 537, 543, 150 A. 509. The only effect, however, of including them in this instance would be to present a more detailed recital of events without affecting the result. *Kurtz* v. *Farrington,* 104 Conn. 257, 260, 132 A. 540.

The defendant was not an insurer. *Douglass* v. *Hart,* supra, 689. The escape of free ammonia was an event which, under the facts of this case, must be classified as an accident. We cannot hold that the court was unwarranted in concluding that the defendant was not negligent.

There is no error.

In this opinion the other judges concurred.