Thomas W. Frissell *v.* John W. Rogers, Inc.

Baldwin, O'Sullivan, Wynne, Daly and Comley, Js.

Argued May 5—decided May 25, 1954

*William S. Gordon, Jr.,* with whom were *Stephen M. Riley* and, on the brief, *Morris H. Wrubel* and *Aaron J. Palmer,* for the appellant (plaintiff).

*Carl F. Anderson,* for the appellee (defendant).

O'SULLIVAN, J. The plaintiff brought this action to recover the value of his household goods, which were partially consumed and otherwise damaged while in the possession of the defendant as a bailee for hire. From the judgment rendered for the defendant, the plaintiff has appealed. The crucial question for determination is whether evidence which went no further than to establish that the bailed goods were destroyed or damaged by fire rebutted the presumption that the loss was due to the defendant's negligence.

The finding, as corrected, recites the following facts: The defendant was engaged in the trucking and moving business. It was also engaged in renting storage space in a portion of a building used and advertised as a private warehouse. The building was of fireproof construction and was equipped with concrete floors and brick walls. On May 15, 1948, the defendant moved the plaintiff's household goods from his home to the warehouse for storage, the parties agreeing that the storage charge would be $5 a month. The space where the goods were stored remained under the control of the defendant.

On August 28, 1948, a fire occurred in the warehouse. As a result, a part of the plaintiff's goods was damaged; the rest was completely destroyed. The report filed by the chief of the fire department with the state marshal, as required by law, gave the cause of the fire as "unknown." The report of an officer of one of the fire companies listed the cause as "spon-

taneous combustion." During September, 1948, the plaintiff demanded the return of his property, but, because of the fire, the defendant was unable to comply apart from turning over some of the items in a damaged condition.

The plaintiff's attorney, at the beginning of the trial, stated to the court that he did not intend to offer any evidence in regard to the defendant's negligence but that he proposed to rely squarely on the presumption of negligence arising from the defendant's failure to return the goods. The court concluded that proof of the occurrence of the fire rebutted the presumption and that judgment should enter for the defendant because the plaintiff had not borne the burden of proving negligence.

The failure of a bailee to return goods delivered to him raises a presumption that their nonproduction is due to his negligence. *Dejon v. Smedley Co.,* 108 Conn. 659, 667, 144 A. 473. The presumption also arises whenever the bailee returns the subject of bailment in a physically worse condition than it was in when received. *Malone v. Santora,* 135 Conn. 286, 291, 64 A.2d 51; *Watrous v. Sinoway,* 135 Conn. 424, 427, 65 A.2d 473. Proof of nonproduction or damage makes out a prima facie case of negligence on the bailee's part. *Murray v. Paramount Petroleum & Products Co.,* 101 Conn. 238, 242, 125 A. 617. In such a situation, the policy of the law requires that, unless the bailee proves the actual circumstances involved in the loss of the goods, the bailor should prevail; if the bailee does prove those circumstances, then the burden of showing that upon the whole case the bailee was negligent rests upon the bailor. *O'Dea v. Amodeo,* 118 Conn. 58, 63, 170 A. 486. The main issue on this appeal, then, is whether the mere showing that the plaintiff's goods were destroyed or damaged by fire,

started either by spontaneous combustion or by some unknown cause, was proof of the "actual circumstances" and hence sufficient to rebut the presumption.

On this issue there is a divergence of view among the authorities. See notes, 9 A.L.R. 559, 71 A.L.R. 767, 151 A.L.R. 716; 6 Am. Jur. 469-471, §§ 378-380. This court has never had occasion to determine the exact question presented by the appeal. We have, however, passed upon analogous questions. In *Malone* v. *Santora,* 135 Conn. 286, 64 A.2d 51, the plaintiff's automobile was stolen from the defendant's parking lot where it had been left upon the payment of a parking fee. The automobile was subsequently found and returned in a damaged condition to the plaintiff by the defendant. In referring to the presumption of negligence arising under this set of facts, we said (p. 291) that "the presumption ceased to operate when the defendant had proven the circumstances of the theft of the car." This was far from saying that it was rebutted by the bare fact of the theft. The noteworthy language of the excerpt lies in the word "circumstances." From the time of *O'Dea* v. *Amodeo,* 118 Conn. 58, 170 A. 486, our leading case upon presumptions and, more pertinently, upon the quantum of proof required to rebut the presumption of a bailee's negligence, we have consistently referred to the need for proof of the "circumstances" surrounding the bailment loss. See the *O'Dea, Malone* and *Watrous* cases, supra, at pp. 63, 291, 427, respectively. The continued use of this word was obviously more than mere coincidence. There has been and there still remains a good reason for its use. Fires which occasion damage to the subjects of bailment may and often do result from negligence, just as losses from theft may be made possible

through the negligent conduct of a bailee. In logic and on authority, a bailee ought to be required to submit evidence of the circumstances surrounding the fire or the theft if he hopes to rebut the presumption upon which the law permits a prima facie case of liability to rest. He should not be legally able to escape the effect of a prima facie case through the mere fact of the fire or the theft. *Smith* v. *Cover*, 13 Conn. Sup. 451, 455; *Lindor* v. *Burns*, 292 Ill. App. 201, 204, 10 N.E.2d 686; see *Beck* v. *Wilkins-Ricks Co.*, 179 N.C. 231, 234, 102 S.E. 313; *Agricultural Ins. Co.* v. *Constantine*, 144 Ohio St. 275, 288, 58 N.E.2d 658. The isolated fact of destruction by fire or of loss by theft rebuts nothing. The bailee must prove something more if he is to overcome the presumption. He must prove the actual circumstances connected with the origin of the fire or the theft, and these include the precautions taken to prevent the loss. *Fleischman, Morris & Co.* v. *Southern Ry.*, 76 S.C. 237, 247, 56 S.E. 974.

In the case at bar the defendant proved the existence of the fire and that, in the opinion of others, the cause was unknown or it was spontaneous combustion. This fell short of proving the actual circumstances. Had those circumstances been established, it might well be that, if the cause of the fire was spontaneous combustion, the cause behind that cause was the negligent conduct of the defendant. We hold that the court erred in concluding that proof of the fire, without further evidence, was ample to rebut the presumption of negligence.

One other matter deserves comment. Contrary to an allegation in the complaint, the court expressly found that the defendant did not operate a public warehouse within the meaning of § 6485 of the General Statutes. That does not mean, as the defendant

appears to urge, that the plaintiff failed to state a good cause of action. It is, of course, true that a plaintiff may not allege one cause of action and recover on another. *Nash Engineering Co.* v. *Norwalk,* 137 Conn. 235, 239, 75 A.2d 496; *Sabas* v. *Gregory,* 91 Conn. 26, 28, 98 A. 293. That situation did not prevail here. Although the defendant has persistently maintained that the plaintiff was not a bailor but merely a lessee of space in the defendant's building, the case was presented by the plaintiff and decided by the court on the theory that the delivery of the goods was a bailment, as obviously it was, and the allegations of the complaint, exclusive of those characterizing the status of the defendant as that of a public warehouseman, were ample to support that theory. See *Malone* v. *Steinberg,* 138 Conn. 718, 721, 89 A.2d 213.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.