## BARNETT MOTOR TRANSPORTATION COMPANY, INC. *v.* CUMMINS DIESEL ENGINES OF CONNECTICUT, INC.

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 7—decided December 10, 1971

*David M. Reilly, Jr.,* for the appellant (defendant).

*Harold C. Donegan* and *Bruce W. Thompson,* for the appellee (plaintiff).

Loiselle, J.  The plaintiff brought this action to recover the value of a fully equipped Mack diesel tractor, stolen while alleged to be in the possession of the defendant as a bailee for hire.  The defendant has appealed from the judgment rendered for the plaintiff.  The complaint is in two counts; the first count relies on the contract of bailment, and the second rests on the alleged negligence of the defendant.  The defendant admitted the tractor had been stolen, and, by way of special defense to the first count, alleged redelivery of the tractor when it left the tractor in its yard in accordance with the plaintiff's direction.  As to the second count, two special defenses were set forth, (1) assumption of risk and (2) contributory negligence.

The defendant's assignments of error pursued in its brief relate solely to the trial court's instructions to the jury.  The correctness of the charge is determined by the claims of proof of the parties.  Practice Book § 635; *Moonan* v. *Clark Wellpoint Corporation,* 159 Conn. 178, 180, 268 A.2d 384; *Levett* v. *Etkind,* 158 Conn. 567, 569, 265 A.2d 70.  Some mention was made in the defendant's brief, while discussing a claim of error, of an assignment of error claiming

the court erred in refusing to include eight paragraphs of the defendant's offers of proof in its draft finding. A part of one paragraph so mentioned is in the defendant's offers of proof in the finding and the remainder of the paragraph is not supported by any testimony in its appendix. The seven other paragraphs claimed are neither facts nor ultimate facts supported by proof of other facts, but, rather, are conclusions rightly left to the jury to decide. The remaining assignments of error have not been briefed and are considered to be abandoned. *Mendez* v. *Mendez,* 160 Conn. 237, 239, 278 A.2d 795; *Labbadia* v. *Bailey,* 152 Conn. 187, 190, 205 A.2d 377.

The jury could have found the following from the plaintiff's claims of proof: The plaintiff left a Mack tractor at the defendant's place of business for repairs to its motor. On March 29, 1960, on receiving a call from an agent of the defendant that the repairs were completed to the motor, the plaintiff's president and the defendant's agent reached an agreement whereby the tractor would be left outdoors in the defendant's yard, the cab to be locked and the tractor's key to be left in the battery box. The key would lock the door and operate the electrical system of the tractor but could not be used to start the tractor. Air pressure was used to start the tractor and this air pressure was normally available from a reservoir located on the tractor and operated by a lever. Air pressure could also be developed from an outside source or by pushing the vehicle. The plaintiff's president made arrangements for a company employee to pick up the tractor at about 6 a.m., March 30, a time when the defendant's business was not operating. The plaintiff's president did not know whether the defendant had a watchman on the premises or whether there was a fence around the prem-

ises; but he did not expect the tractor to be enclosed in a locked area. The plaintiff's employee arrived at the defendant's place of business that morning at about 8 a.m. and it was found that the tractor had been stolen. A truck had been moved in the defendant's yard from the position in which it had been left on the previous evening; a manila rope, owned by the defendant and taken from another vehicle, had been attached to its rear axle. The plaintiff's tractor could have been parked on a black-top area which was lighted by floodlights. It was left in a dark, unpaved area of the defendant's premises approximately 150 feet from the floodlights located thereon. There was no fence around the defendant's parking lot, and it had no night watch-man on duty. No warning devices or other forms of security were provided by the defendant to prevent the theft of the tractor.

The first assignment of error is that the court erred in charging the jury in respect to the presumption of negligence arising out of the failure of the defendant to return the bailed tractor. One thrust of the defendant's argument is that the plaintiff should have been required to choose whether it would proceed on the basis of the presumption of negligence arising out of the failure to return the bailed property as pleaded in the first count or whether it would proceed on the claim of negligence alleged in the second count.

Practice Book § 86(1) (7) allows a complaint to include separate claims in contract and tort arising out of the same transaction. The trier of facts then determines if the plaintiff shall recover on either count or not at all; *Anderson* v. *Gengras Motors, Inc.,* 141 Conn. 688, 691, 109 A.2d 502; *Watrous* v. *Sinoway,* 135 Conn. 424, 426, 65 A.2d 473; *Dejon* v.

*Smedley Co.,* 108 Conn. 659, 667, 144 A. 473; *Hickey* v. *Slattery,* 103 Conn. 716, 719, 131 A. 558; *Wells* v. *Active Automobile Exchange, Inc.,* 99 Conn. 523, 529, 121 A. 883; *Fairfield* v. *Southport National Bank,* 80 Conn. 92, 100, 67 A. 471; unless, of course, the court finds as a matter of law that the evidence offered is insufficient to support one or both counts. *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 317, 240 A.2d 881; *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 23, 213 A.2d 449.

One reason for confusion in this case is that the complaint is framed in two counts, one in bailment contract and the other in negligence. In the care of property, the bailee's contractual obligation is to exercise due care for the safekeeping of the bailed property, and, so, essentially, when loss or damage occurs, liability is based on negligence, even though negligence constitutes a breach of contract. *Maynard* v. *James,* 109 Conn. 365, 368, 146 A. 614. Once a bailment has been established and the bailee is unable to redeliver the subject of the bailment in an undamaged condition a presumption arises that the damage to or loss of the bailed property was the result of the bailee's negligence. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 225, 215 A.2d 123. Consequently, in charging the jury on each count, the issue of negligence is controlling but in a different context. Although such pleading is permissible, when a bailment contract is pleaded it will rarely serve any useful purpose to plead a separate count in negligence.

The defendant claims that the court should not have charged on the presumption because it disappeared when the defendant offered evidence of negligence which proved the circumstances surrounding the theft of the tractor. The authorities are not in

agreement as to the effect of a presumption once contravening evidence has been introduced by either party. A lengthy annotation at 5 A.L.R.3d 19 aptly illustrates the divergent views on this subject. As interesting as that discussion may be, we have followed the rule that the presumption of negligence by the bailee, which arises when bailed property is not returned to a bailor, is one that continues in favor of the bailor until the bailee not only produces substantial contravening evidence but proves the actual circumstances involved in the loss of the property. If the bailee does prove these circumstances, the burden of showing that, on the whole case, the bailee was negligent rests on the bailor. *National Broadcasting Co. v. Rose,* supra; *Watrous v. Sinoway,* supra, 427; *Malone v. Santora,* 135 Conn. 286, 291, 64 A.2d 51; *O'Dea v. Amodeo,* 118 Conn. 58, 63, 170 A. 486. Proof of "actual circumstances" must include the precautions taken to prevent the damage, destruction or loss, as well as evidence of the damage, destruction or loss. *Frissell v. John W. Rogers, Inc.,* 141 Conn. 308, 311, 106 A.2d 162. It is for the trier of facts, and not the presiding authority, to determine whether the bailee has proven the actual circumstances and thus rebutted the presumption.

In this case, not only did the defendant, in its defense, offer evidence of the circumstances surrounding the theft, but the plaintiff also offered such evidence in its case in chief. That the plaintiff offered such evidence is not an election to forfeit the benefit of the presumption. If a bailor does present evidence to show the actual circumstances surrounding the loss of property he may be buttressing the presumption, not waiving it. The evidence he introduces may preserve the presumption by so dis-

crediting the version of the circumstances offered or to be offered by his adversary that the trier of facts will conclude that the actual circumstances of the loss have not been established. *Skut* v. *Boardman,* 137 Conn. 675, 679, 81 A.2d 110. We find no error in the court's charge on the first count that the presumption of negligence remains until the jury finds that the defendant has proved the actual circumstances surrounding the theft and that only then is the burden on the plaintiff to prove the defendant's negligence.

The defendant's second assignment of error claims the court erred in submitting to the jury the question whether the defendant was negligent because it did not have a watchman for, and a fence around, its premises. In the defendant's view, the undisputed agreement by the parties to leave the tractor outside removes this question of negligence from the purview of the jury. It should be noted that the plaintiff offered proof that its president was not familiar with the defendant's premises and that, although he did not expect the tractor to be left in an enclosed, locked area, he had no knowledge of the presence or absence of a watchman on, or fence around, the defendant's premises.

The court properly charged the jury that they could consider these two claims of negligence. It instructed the jury to determine whether the agreement between the parties gave the defendant the authority to leave the tractor where there was no fence or watchman and that, if there was such authority, their verdict should be for the defendant. If the jury found that the absence of a fence or watchman was not a matter of agreement, they were entitled to consider whether there was negligence in leaving the tractor in an unenclosed area and with-

out a watchman. The jury could reasonably have concluded that the presence of a fence, though not locked, and the presence of a watchman would have made the plaintiff's tractor less vulnerable to theft and that the absence of them was a proximate cause of the theft.

Finally, the defendant assigns as error the court's instruction to the jury when, after some deliberation, the jury returned with the following request: "Would you please repeat the laws governing when the bailee discharges his duty." In the charge-in-chief, the court gave detailed instructions on the respective burdens of proof concerning negligence in each count. Because, as previously stated, the issue of negligence had to be submitted to the jury in different contexts, depending on which count was being discussed, the court had an extremely difficult task. Its instructions had to distinguish, for the jury, the burden of proof which related to each count and indicate that each count, and its special defense or defenses, had to be considered separately and distinctly from each other.

When the court again charged the jury on the first count as requested, it correctly charged as to the burden of proof of each party and the law relating to the presumption of negligence. In instructing the jury on the special defense of redelivery by agreement of the parties, however, the court included the following: "So that the defendant in this case makes the claim that the plaintiff assumed the risk of any theft by virtue of this special agreement, and I say again that that is the burden of proof on the defendant to prove that special defense, not only of contributory negligence, but of assumption of risk." This instruction superimposed the two special defenses to the second count on the special defense to

the first count and was erroneous. It not only placed an erroneous burden on the defendant, but, also, it could only confuse the jury by meshing the special defenses to both counts so that it would no longer be permissible to consider each count separately. This confusion was manifest in the verdict which awarded $8500 on the first count and $4500 on the second count of a complaint that had the same claims of damage in each count and one prayer for relief. The verdict was unintelligible and incapable of supporting a judgment. *Ferris* v. *Hotel Pick Arms, Inc.*, 147 Conn. 72, 74, 157 A.2d 106. Because the instructions erroneously imposed an additional burden on the defendant in its proof of the special defense to the first count and created obvious confusion by combining the special defenses to both counts, the instruction cannot be deemed to be harmless error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.