THE F & F DISTRIBUTORS, INC. *v.* BAUMERT SALES COMPANY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 12—decided November 1, 1972

*William B. Collins,* for the appellant (plaintiff).

*Walter J. Sullivan,* for the appellee (defendant).

PER CURIAM. This was an action to recover damages for the loss of a tractor which was owned by the plaintiff and delivered to the defendant for repairs. The amended complaint was based on the

bailment contract and failure to return on demand. The defendant admitted the bailment and pleaded an affirmative defense that it took reasonable, necessary and proper precautions to prevent the loss.

The decisive issue in the case was one of fact. The trial court clearly recognized the duty of the bailee to exercise reasonable care for the bailed property and that "once a bailment has been established and the bailee is unable to redeliver the subject of the bailment to the bailor in an undamaged condition . . . there arises a presumption that the damage [to or loss of the bailed property] was the result of the bailee's negligence." *National Broadcasting Co. v. Rose,* 153 Conn. 219, 225, 215 A.2d 123. From the evidence submitted, the court concluded that the sole proximate cause of the loss was a theft by a person or persons unknown and that the defendant had fulfilled its legal duty to the plaintiff. Where a bailee proves the actual circumstances of the loss of bailed property, including the precautions taken to prevent the damage, destruction or loss, the burden of showing that, on the whole case, the bailee was negligent rests on the bailor and "[i]t is for the trier of facts . . . to determine whether the bailee has proven the actual circumstances and thus rebutted the presumption." *Barnett Motor Transportation Co. v. Cummins Diesel Engines of Connecticut, Inc.,* 162 Conn. 59, 64, 291 A.2d 234.

The court was the trier of fact and its finding amply supports its conclusion that, giving due effect to the presumption, the plaintiff nevertheless failed to prove negligence on the part of the bailee. Accordingly, it committed no error in rendering judgment for the defendant.

There is no error.