## DOROTHY TOOBERT *v.* TURNPIKE CLEANERS, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1077

Argued September 16 – decided November 13, 1981

*Stanton H. Lesser,* for the appellant (defendant).

*Edmund Schmidt,* for the appellee (plaintiff).

SHEA, J.  In this suit, the plaintiff recovered a judgment against the defendant, which operated a dry cleaning business, for damage to a bedspread and pillow cases which had been picked up by one of its employees for cleaning.  The defendant claims in this appeal that none of the specific acts of negligence set forth in the complaint was sufficiently supported by the evidence and that the trial court in its memorandum of decision failed to articulate which acts were relied upon in accordance with Practice Book § 3060B.  Essentially the same claims are made with respect to the damage award of $1000 made to the

plaintiff. A further claim is that a provision of the bailment contract exculpated the defendant from liability for damage to the articles involved.

The trial court found that the plaintiff had delivered the bedspread and pillow cases to a driver employed by the defendant with instructions for a "very light cleaning" and that they were in a nonfaded condition at that time, having been used for only a few months in a bedroom not reached by sunlight. About three days after receiving the articles for cleaning, an employee of the defendant called the plaintiff and told her the articles were faded and that he would not clean them. They were subsequently returned to the plaintiff by the defendant, which denies ever having cleaned them. The court, however, found that the fading had resulted from the cleaning of the articles by the defendant. There was sufficient evidence to support this finding because the plaintiff and a maid she employed testified that the bedspread and pillow cases were not faded when the defendant's driver received them. The court was not obliged to believe the defendant's witness who testified that the articles had not been cleaned.

Although the evidence does not explain why or how the damage to the articles occurred, it is clear that a bailment arose between the parties once the defendant took custody of the articles. A presumption of negligence arises whenever the bailee returns the subject of bailment in a worse condition than it was in when received. *Frissell* v. *John W. Rogers, Inc.,* 141 Conn. 308, 106 A.2d 162 (1954). "In such a situation, the policy of the law requires that, unless the bailee proves the actual circumstances involved in the loss of the goods, the bailor should prevail . . . ." Id., 310. There was no testimony about the exact cause of the fading or of circumstances indicating that it had occurred for reasons unrelated to negligence while the articles were in the defendant's possession. It was not

essential, therefore, that the plaintiff prove or the court find which of the specific acts of negligence alleged[1] had caused the damage.

In awarding $1000 damages to the plaintiff the court stated that her damages were measured by "the price she paid in December, 1977, minus $36.00, the depreciation for use over the period from December, 1977, to June 1, 1978." There was evidence that the plaintiff had paid $1407.66 in December, 1977, when she purchased the custom-made bedspread, pillows and pillow cases, $36 being the cost of the pillows alone which had not been damaged. Although the absence of a conjunction following "$36.00" in the memorandum of decision gives rise to some ambiguity, it is reasonably clear that in reaching the award of $1000 damages the court deducted $36 for the pillows and depreciation of $371.66 from the total price of $1407.66. We reject the claim of the defendant that the damage award was not adequately articulated in accordance with Practice Book § 3060B.

The defendant also contends that there was no evidence concerning depreciation or the amount of it. The trial court properly took into consideration an element of obvious significance in the valuation of the property, namely, that it had been used for six

---

[1] The paragraph of the amended complaint alleging negligence is as follows:

"4. On or about June 4, 1978, the Defendant informed the plaintiff that said bedspread and pillows were damaged, in that the color of the bedspread and pillows' fabric was substantially faded. Said damage was caused by the Defendant's careless and negligent treatment of the said items in that:

a) The Defendant failed to carefully examine said items in order to determine the nature of said fabric and the type of cleaning required.

b) The Defendant failed to exercise due care in the cleaning of said items.

c) The Defendant failed to adhere to the instructions in the cleaning Contract, which stipulated "very light cleaning."

d) The Defendant knew, or should have known, that the fabric was custom made and designed and the Defendant acted unskillfully and carelessly in the treatment and cleaning of said [items]."

months. If the allowance for this factor made by the court was excessive, the defendant has not been harmed; nor is it in a position to complain that the amount of depreciation was insufficient in view of its failure to present any evidence on the subject. "The burden of establishing a mitigation in the damages rested on the defendant." *Carter* v. *Bartek,* 142 Conn. 448, 452, 114 A.2d 923 (1955). The same comment may be made concerning the defendant's claim that no allowance was made for salvage value of the faded items. There was no evidence that the articles had any such value or that the plaintiff was using them for any purpose.

The exculpatory clause which the defendant relied upon in its special defense was contained in an invoice listing the items accepted by the defendant for cleaning which the plaintiff signed at the time the defendant's driver picked up the articles. It provides as follows: "We exercise care and caution in processing your draperies and household items. However, we are not responsible for unidentified synthetic fibers or defects in the manufacture of fabrics and fugitive dyes or for damages prior to acceptance, due to natural causes such as sunlight, discoloration, deterioration, fume fade and acidity resulting from humidity." We need not consider problems involving the interpretation and possible invalidity of this provision because the trial court found that the defendant had not proved that the fading was caused by any of the conditions mentioned. The president of the defendant corporation testified that he did not know what had caused that condition to occur.

There is no error.

In this opinion DALY and BIELUCH, Js., concurred.