[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff and defendant entered into a contract whereby the plaintiff would exhibit various pieces of artwork at the defendant's art gallery located on Sisson Avenue in Hartford, Connecticut. One day after the artwork was delivered by the plaintiff to the defendant, the defendant's gallery was burglarized and three pieces of the plaintiff's artwork were stolen. On the date of the burglary, the defendant's gallery was not equipped with a burglar alarm system.
The contract entered into between the parties for CT Page 4413 the exhibition of the plaintiff's artwork made no mention of any security arrangements for the gallery. It did provide that "if there are any special needs or situation necessary to exhibit this show either by the artist or gallery, they should be attached in the form of an amendment signed by both the artist and the gallery." No amendment was attached to the contract.
The plaintiff brought this action alleging that the defendant assumed control of the plaintiff's artwork and consequently assumed a duty to exercise reasonable care in safeguarding the plaintiff's artwork and breached that duty by failing to take proper precautions to prevent the theft of artwork by failing to install a burglar alarm or secure the artwork during night time hours in vaults or other secure places. The plaintiff also alleges that the defendant misrepresented to the plaintiff that the plaintiff need have no concerns regarding the safety of his artwork while it was in the defendant's possession.
The defendant has moved for summary judgment on the grounds that he owed no duty to the plaintiff to install a burglar alarm or store the plaintiff's artwork in a secure vault or similar storage area and that the defendant's conduct was not the proximate cause of the plaintiff's loss.
Summary judgment may be granted only if the pleadings, affidavits and any other proof submitted shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Book 384; Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). The party seeking summary judgment has the burden of showing the non-existence of any material fact. Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). In ruling on a motion for summary judgment the court must view the evidence in the light most favorable to the non moving party. D. H.R. Construction Co. v. Donnelly, 18 Conn. 430, 434, 429 A.2d 908
(1980); Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). The moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fiske, Emery Associates v. William R. Ajello, 41 Conn. Sup. 376
(1990); Fogarty v. Rashaw, 193 Conn. 442, 476 A.2d 582 (1984). CT Page 4414
The parties agree that the relationship between the plaintiff and the defendant was one of a bailment for mutual benefit. Once a bailment has been established and the bailee is unable to redeliver the subject of the bailment in an undamaged condition a presumption arises that the damage to or loss of the bailed property was the result of the bailee's negligence. Barnett Motor Transportation Co. v. Cummins Diesel Engines of Connecticut, Inc., 162 Conn. 59, 63, 291 A.2d 234
(1971). The bailee's contractual obligation is to exercise due care for the safekeeping of the bailed property, and so, essentially, when loss or damage occurs, liability is based on negligence, even though negligence constitutes a breach of contract. Id.
Whether the defendant breached his duty of care by failing to install a burglar alarm or by failing to store the plaintiff's artwork in a secured vault is a question a fact to be determined by the jury. Amendola v. Geremia, 21 Conn. App. 35,38, 591 A.2d 131 (1990). In Amendola three minors were involved in squirting water from bottles at each other and at the plaintiff. Two minors filled one of the bottles with bleach. The third minor, Goclowski, had no knowledge that the bottle contained bleach. He squirted the solution in the bottle at the plaintiff and caused the plaintiff severe injuries. Goclowski moved for summary judgment on the grounds that he did not breach his duty of care to the plaintiff. The trial court granted the the motion, stating that as a matter of law Goclowski had no duty to inspect the bottle before squirting it. The Appellate Court found that this constituted error and stated:
 "This was a question of fact to be determined by the jury. `[T]he law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine both what the conduct is and whether it comes up to the standard, as such standard exists in the mind of the trier.'
 Farrell v. Waterbury Horse Railroad Co., 60 Conn. 239, 250, 21 A. 675 (1891)"
The defendant here further argues that the theft of the artwork constituted a superseding cause which was the proximate cause of the damage to the plaintiff and, therefore, CT Page 4415 as a matter of law he cannot be liable. The court in Amendola based its summary judgment in favor of Goclowski on an alternative ground that even if Goclowski's actions were negligent, the actions of the two other minors in filling the water bottle with bleach were the cause of the plaintiff's injuries and, therefore, Goclowski was not liable. The Appellate Court held that this was an improper basis on which to grant the motion for summary judgment and stated: "The doctrine of superseding cause cannot serve here as a basis for determining as a matter of law that Goclowski was relieved of liability. That doctrine must be applied to the facts of the case; . . .; and therefore involves the resolution of questions properly left to the factfinder."
In addressing the issue of theft in a bailment case the Connecticut Supreme Court stated that a bailee is required to submit evidence of the circumstances surrounding the theft of the bailed item if he hopes to rebut the presumption upon which the law permits a prima facie case of liability against him to rest. Frissell v. John W. Rogers, Inc., 141 Conn. 308,312 106 A.2d 162 (1954). The court in Frissell further stated:
 The isolated fact of destruction by fire or of loss by theft rebuts nothing. The bailee must prove something more if he is to overcome the presumption. He must prove the actual circumstances connected with the origin of the fire or the theft, and these include the precautions taken to prevent the loss. Frissell v. John W. Rogers, Inc., supra p. 312.
The defendant here argues that failure of the plaintiff to insert an amendment to the bailment contract which specifically addressed the issue of security of the plaintiff's artwork conclusively determines that the defendant had no duty to provide burglar alarm or take any other security precautions in respect to the artwork. In Barnett Motor Transportation Co., supra, the defendant similarly argued that an agreement between it and the plaintiff concerning the bailed property relieved the defendant of liability for the theft of the property. The court held that it was for the jury to determine whether the agreement addressed the issue of security to the bailed property. The CT Page 4416 question as to whether the plaintiff's failure to insert any language in the bailment contract concerning security to be provided by the defendant relieves the defendant of the duty to provide such security is clearly a question of fact to be decided by the jury.
The defendant has further argued that even if it did breach a duty to the plaintiff, it is not liable for the plaintiff's loss because that loss was caused by the intervening act of the thief. While they do not specifically address the issue of superseding cause or proximate cause the cases of Frissell v. John W. Rogers, Inc., supra, and Barnett Motor Transportation Co. v. Cumins Diesel Engines of Connecticut, Inc., supra, implicitly recognize that theft of bailed property does not constitute a supervening cause sufficient to rebut the presumption of the negligence of a bailee unless the bailee proves that it took adequate precautions to prevent the theft.
The defendants analogize this case to that of Doe v. Manheimer, 212 Conn. 748 (1989). In Doe a woman was savagely assaulted in an overgrown and unkept area of the defendant's property by an unknown assailant. The Supreme Court found that the overgrown vegetation on the landowner's property did not proximately cause the sexual assault even though the land owner was negligent in the manner in which he maintained his property. This case is clearly distinguishable from that of Doe v. Manheimer. In this case the harm suffered by the plaintiff, the loss of his artwork, was clearly a foreseeable result of the defendant's alleged negligence, the failure to have a burglar alarm or safely store the artwork. In Doe the plaintiff's harm, a sexual assault, was not a reasonably foreseeable result of the defendant's failure to adequately maintain his property. The Court in Doe v. Manhiemer stated:
 We have consistently adhered to the standard of Two Restatement (Second), Torts Section 442b (1965) that a negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third person and is not within the scope of the risk CT Page 4417 created by the defendant's conduct. (quoting from Tetro v. Stratford, 189 Conn. 601, 605, 484 A.2d 5 (1983).
The Court in Doe v. Manheimer was not persuaded that a landowner should reasonably foresee that a condition on his property such as overgrown vegetation might provide a substantial incentive or inducement for the commission of a violent criminal assault between strangers. In the present case it is clear that notwithstanding the absence of prior burglaries at his gallery, the defendant could have reasonably anticipated that his failure to take security measures might increase the likelihood that his gallery would be burglarized.
The extent of the defendant's duty to the plaintiff, whether or not that duty was breached and whether the breach of duty was a proximate cause of the plaintiff's loss are all matters to be determined by the jury. This case is illustrative of the Supreme Court's observation that issues of negligence are "ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984).
For the foregoing reasons the motion for summary judgment is denied.
By The Court
Aurigemma, J.