[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds, from the credible evidence presented at hearing, that on or about October 7, 1991, plaintiff orally contracted with defendant for the storage of a 17' 6" used 1987 fiberglass boat, boat trailer and 90 h.p. Mercury outboard motor. Pursuant to their agreement, defendant took possession of the items. Thereafter, despite plaintiff's demands for the return of his stored personal property, the defendant only returned a storage battery, an ignition key and the boat trailer.
Plaintiff brings this action seeking damages for defendant's failure to return his personal property. The defendant, acting pro se, joined issue and hearing was held. Subsequently, the court, sui juris, opened the matter for an additional hearing, which was held on August 24, 1994.
The oral agreement entered into by plaintiff and defendant CT Page 9515 for the storage of plaintiff's personal property is a bailment giving rise to certain obligations, duties and rights under the law. A bailment is a consensual relationship which encompasses, inter alia, the delivery or surrender of personal property into the care, custody, and control of another with the agreement that the property will be returned. Pursuant to this relationship, the bailee has the obligation to exercise due care for the safekeeping of the bailor's property and should the bailee be unable to redeliver that property, a presumption arises that its damage or loss is the result of the bailee's negligence.
As it applies to the present case, the rule is "that the presumption of negligence of the bailee which arises when bailed property is not returned to a bailor, is one that continues in favor of the bailor until the bailee not only produces substantial contravening evidence but proves the actual circumstances involved in the loss of the property . . . . Proof of actual circumstances must include the precautions taken to prevent the damage, destruction or loss, as well as evidence of the damage, destruction or loss. Barnett Motor Transp. Co. v.Cummins Diesel Engines of Conn., Inc., 162 Conn. 59, 63.
It appears from defendant's testimony that, on or about May 7, 1992, his exterior storage area was broken into and plaintiff's property removed. However, he failed to prove the actual circumstances involved in the claimed casualty loss or that reasonable precautions were taken to prevent same.
In an attempt at limiting his liability, the defendant claims that plaintiff earlier agreed that he would not be responsible for casualty losses involving plaintiff's personal property. Plaintiff contends that this matter was never discussed by them and that he only became aware of defendant's attempt to limit his liability exposure sometime after defendant had taken possession of his boat, motor and trailer.
It is fundamental that assent of both parties is necessary to any provision limiting liability and defendant presents no credible evidence of same. Consequently, the court finds the issues for the plaintiff.
After considering evidence of the fair market value of the boat, motor, trailer and the $200.00 received by plaintiff upon the sale of the latter, the court finds the value of plaintiff's CT Page 9516 unreturned personal property to be $5,790.00.
In accord with the foregoing, judgment may enter in favor of the plaintiff with damages in the amount of $5,790.00 together with statutory costs of suit.
WEST, J.