[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff has moved, pursuant to Practice Book Sections 320 and 321, to set aside the verdict rendered by the jury in favor of the defendant on the plaintiff's complaint as well as on the defendant's counterclaim.
The plaintiff initiated this claim in the Small Claims Court from whence it was transferred to this court. The plaintiff sought to recover, under a bailment theory, from the defendant for the damages incurred when his 1978 Datsun 280Z automobile was destroyed by fire while in the possession of the defendant. The defendant, a storage and towing company, counterclaimed for storage charges incurred.
The jury could reasonably have found the following facts from the evidence presented. In October 1991, the defendant at the request of the plaintiff towed his car to the defendant's place of business in Stamford for the purpose of estimating the cost of restoration of the motor vehicle. The defendant did not provide an estimate but advised the plaintiff that the car was not worth restoring, and that it had a buyer for the car for the price of $500. Before anything else transpired, the car was destroyed by a CT Page 10453 fire along with several other motor vehicles stored on the defendant's lot, on the early morning of November 9, 1991. There was evidence that an accelerant had been used to start the tire. The lot was completely enclosed by a barbed wire fence, and the entrance gates were chained locked. The lot is lighted and a Rottweiler dog owned by the defendant patrolled the grounds.
The trial court should not set a verdict aside where there was some evidence upon which the jury could reasonably have based its verdict. American National Fire Insurance Co. v. Schuss,221 Conn. 768, 774, 607 A.2d 418 (1992). Ultimately, "[t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . ." Palomba v. Gray, 208 Conn. 21, 23-24,543 A.2d 1331 (1988). Limiting that discretion, however, is the litigants' "constitutional right to have issue of facts determine by a jury" where "there is room for a reasonable difference of opinion among fair minded jurors." Id., at 25.
The jury in this case could reasonably have inferred from credible evidence that the cause of the fire was arson, and that the defendant had taken all reasonable steps to protect the plaintiff's property from loss. Under our law, a presumption of negligence by a bailee which arises when bailed property is not returned to a bailor, is one that continues in favor of the bailor until the bailee provides substantial contravening evidence and proves the actual circumstances involved in the loss of property. Barnett Motor Trends Co. v. Cummins Diesel of Conn.,162 Conn. 59, 64, 291 A.2d 234 (1971). Proof of actual circumstances include the precautions taken to prevent the damage, destruction, or loss, as well as evidence of the damage, destruction or loss. Id. 64. It is for the trier of facts, and not the presiding authority to determine whether the bailee has proven the actual circumstances and thus rebutted the presumption. Id. 64. The plaintiff cites to Frissell v. John W.Rogers, Inc., 141 Conn. 308, 106 A.2d 162 (1954) and claims it governs this case. However, in Frissell, the evidence showed that the cause of the fire was "unknown", or "spontaneous combustion" and thus the defendant had not rebutted the presumption of negligence. In the present case, there was sufficient evidence for the jury to decide there had been proof of the "actual circumstances" of the fire and that the presumption was rebutted. There is no requirement that the bailee disprove every possible hypothetical that would explain the cause of the loss.
The plaintiff also asks the court to set aside the verdict CT Page 10454 because the court erroneously charged the jury that, if they found that the defendant did not rebut the presumption of negligence, and the plaintiff proved that said negligence was the proximate cause of the plaintiff's damages, they should find for the plaintiff. The plaintiff claims the court placed a burden on the plaintiff to prove proximate cause which he does not have in a bailment situation.
A motion to set aside the verdict "allows the trial court, in the less hectic atmosphere of a posttrial proceeding, to reconsider its rulings and if they are determined to have been erroneous as well as harmful, to grant a new trial without the necessity of an appeal; . . . ." Sapporoso v. Aetna Life Casualty Co., 221 Conn. 356, 363, 703 A.2d 1160 (1992). "Although a trial judge may set aside a verdict for misstatements in his charge to the jury, this must be done with great caution, and only if he is entirely satisfied, upon an authoritative or statutory basis, that he has committed unmistakable error that has caused unquestionable harm." Sciola v. Shernow, 22 Conn. App. 351,360, 577 A.2d 1081, cert. denied, 216 Conn. 815,580 A.2d 60 (1990). "A charge . . . is to be read as a whole without the dissection of its parts. It will not be the source of reversible error absent a determination that the probable effect of the charge was to lead the jury to an incorrect verdict. The charge must be examined to determine whether it fairly presents a case to a jury so that no injustice results and is not to be examined with a legal microscope, to search for technical flaws, inexact, inadvertent or contradictory statements." (Internal quotation marks omitted.) Glucksman v. Walters, 38 Conn. App. 140,153, A.2d (1995). The question is whether the jury charge, "taken as a whole . . . fairly and adequately present[s] the case to a jury in such a way that injustice is not done to either party under the established rules of law." (Internal quotation marks omitted). Id., 157.
The relevant portions of the court's charge follow:
"In this case, the law places a burden on the defendant. In a situation such as this case, where the plaintiff entrusts the possession of his property, called a bailment, and the bailee, in this case the defendant, is unable to redeliver the subject of the bailment in an undamaged condition, a presumption arises that the damage to or loss of the bailed property was the result of the bailee's negligence. Before the plaintiff has to prove the negligence of the defendant, the defendant must first rebut the CT Page 10455 presumption of negligence of the defendant, by submitting substantial contravening evidence and proof of the actual circumstances involved in the loss of the property, i.e., the defendant must present evidence of the precautions taken to prevent damage, destruction or loss, as well as evidence of the damages, destruction or loss. It is for you to determine if the defendant has rebutted the presumption of negligence. If you find that the defendant has not rebutted the presumption, then the plaintiff need not prove the negligence of the defendant. He is presumed negligent. If you find the defendant has rebutted the presumption of negligence, then the burden falls upon the plaintiff to prove the negligence of the defendant by a preponderance of the evidence, as I have defined that phrase for you.
I charge you that the parties entered into bailment, with the plaintiff being called a bailor, and the defendant the bailee. In such a case, the following is the duty owed to the plaintiff by the defendant: The measure of the duty owed by the defendant is the exercise of reasonable care for the safekeeping of the bailed property during the term of the bailment. If you find that the defendant breached this duty of care, then the plaintiff is entitled to recover from the defendant. If you find that the defendant did not breach its duty of care, then the plaintiff will not recover.
Reasonable care is defined as the care that would be used by a person of ordinary prudence in the same situation as the defendant; the test is external not subjective. Therefore, you do not look at how the defendant in fact behaved, but rather how an ordinarily prudent owner of an automobile towing and repair business under the circumstances which said defendant found himself, would behave.
In this case, there is an issue of whether the conduct of the defendant, in his keeping his premises was the proximate cause of the damage to the plaintiff's car; or whether the damage would have occurred irrespective of the defendant's conduct. It is for you to determine whether the acts or conduct of the defendant were the proximate cause of the plaintiff's damage.
If then, you find that the defendant has rebutted the presumption of negligence as I have instructed you upon earlier, but find that the plaintiff has not proven by a preponderance of the evidence that the defendant was negligent as I have defined CT Page 10456 that term for you, or has not proven, by a preponderance of the evidence that the negligence of the defendant was the proximate cause of his damages, you should find for the defendant.
If you find that the defendant has rebutted the presumption of negligence and you also find that the plaintiff has proven by a preponderance of the evidence that the defendant was negligent, as I defined that term for you, and if you find that the plaintiff has proven by a preponderance of the evidence that the negligence of the defendant was the proximate cause of the damages incurred by the plaintiff, as I have defined "proximate cause" for you, you should find for the plaintiff on his complaint.
Finally, if you find that the defendant has not rebutted the presumption of negligence, upon which I have instructed you earlier, and if you find that the plaintiff has proven by a preponderance of the evidence that the negligence of the defendant was the proximate cause of the damages incurred by the plaintiff, you should find for the plaintiff on his complaint."
The court is satisfied that, when the charge is read as a whole, it does not have the probable effect of leading the jury to an incorrect verdict. On the contrary, taken as a whole, the charge fairly and adequately presented the case to the jury so that no injustice resulted.
On the defendant's counterclaim, the jury awarded damages of $660 for storage charges. In its answer to interrogatories, the jury stated that the charges were for the period from January 3, 1992 to February 2, 1992 at the rate of $12 per day for the first five days and $24 per day for the next 25 days. The jury could reasonably have found that the plaintiff was advised of storage charges before the fire; that after the period of at least 30 days after the fire, during which the defendant would obtain necessary paperwork from the Department of Motor Vehicles of the State of Connecticut, the defendant had an obligation to dispose of the vehicle; and that the standard charges for storage were as found in the answer to the interrogatories. The court believes that it properly charged the jury on the law of implied contract, and that the jury verdict upon the counterclaim was properly reached upon the evidence.
Finally, the plaintiff claims error in the court's refusal to admit evidence regarding an issue of representation of insurance CT Page 10457 coverage allegedly made by the defendant to the plaintiff. The simple answer to this claim is that the plaintiff did not make any claim of misrepresentation of any kind in his complaint. Thus, the proffered evidence was irrelevant and immaterial to the issues properly pleaded.
The plaintiff's motion to set aside the verdict is denied.
D'ANDREA, J.