# Richmond

REVENUE AERO CLUB, INC. v. ALEXANDRIA AIRPORT, INC.,
A CORPORATION, ASHBURN FLYING SERVICE, INC.,
A CORPORATION, AND WILLIAM R. ASHBURN.

May 7, 1951.

Record No. 3763.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Smith, JJ.

The opinion states the case.

*Jesse, Phillips, Klinge & Kendrick* and *Edward D. Gasson,* for the plaintiff in error.

*Frank L. Ball,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Revenue Aero Club, Inc., hereinafter called the plaintiff, filed its notice of motion for judgment against Alexandria Airport, Inc., and others, hereinafter referred to as the defendants, to recover the value of an airplane owned by the plaintiff which was destroyed by fire while in the possession of the defendants, with whom it had been left to be repaired.

The notice of motion contained two counts. The first alleged that the parties had entered into a contract whereby the plaintiff had delivered the plane to the defendants, to be repaired and

returned to the plaintiff in good condition; that while the plane was in the sole custody and under the control of the defendants it was damaged beyond repair by a fire which broke out on the premises of the defendants; and that consequently the defendants had breached the contract and had failed to return the plane to the plaintiff in good repair and condition, as agreed.

The second count alleged that the plaintiff delivered the plane to the defendants to be repaired and returned in good condition; that while it was under the control and possession of the defendants it was destroyed by fire which broke out in a hangar owned, operated and controlled by the defendants; that the defendants were negligent in their care and control of the plane, in that they failed and neglected "to take adequate measures and precautions to prevent the breaking out or occurrence of the fire or the spread thereof;" and that as a direct and proximate result of the defendants' negligence the plaintiff's property had been destroyed.

After the defendants had filed a plea of the general issue the evidence was heard by a jury. It disclosed that at the time the plane was left with the defendants the plaintiff's representative signed an order for the repairs which contained this stipulation: "I further agree you will not be held responsible for ship or articles left in ship or parts left with you for storage or repair in case of loss or damage by fire, theft, or loss of any kind beyond your control."

The plaintiff further proved that the plane was placed in a hangar owned, operated and controlled by the defendants, and that after it had remained there for some time, not disclosed by the evidence, it was completely destroyed by a fire which consumed the building.

Although William R. Ashburn, the president of the two defendant corporations, and also an individual party defendant, was called and examined as an adverse witness for the plaintiff, he was not asked, nor did he testify, as to the cause or circumstances of the fire. Nor was this information supplied by any other witness. Neither was there any evidence that the fire or destruction of the plane was due in any way to the negligence of the defendants, or any of them, or of any of their employees.

At this stage of the proceedings the plaintiff rested and a motion to strike its evidence was sustained, with the result that a verdict and judgment for the defendants followed.

Both sides agree that the delivery of the plane by the plaintiff to the defendants for the purpose of making repairs thereon constituted a bailment for the mutual benefit of the parties and that the case should be determined by the general rules applicable to that subject.

The contention of the plaintiff is that this evidence makes out a *prima facie* case against the defendants under either or both of the counts in its notice of motion; that having shown that there was a bailment of the plane for the mutual benefit of the parties, and the failure of the bailees to return the property to the plaintiff, the defendants must show that their failure to redeliver was not due to their negligence, that is, that the fire was not caused by or allowed to spread through any negligence on their part.

It is true that in an action *ex contractu*, where the bailor relies upon the ordinary contract of bailment without predicating his right of recovery upon the bailee's failure to exercise due care, the bailor makes out a *prima facie* case when he shows the delivery of the article to the bailee and the latter's failure to return it on demand or as agreed upon. In this situation the bailee may escape liability by showing that his failure to redeliver was because the property was lost or destroyed without his fault, but this is an affirmative defense which he must prove. 6 Am. Jur., Rev. Ed., Bailments, § 369, p. 458; 8 C. J. S., Bailments, § 50-b, p. 341.

But here we do not have the ordinary contract of bailment. The evidence shows that the plane was delivered to the defendants to be repaired by them upon the express stipulation that the defendants would not be "responsible" for loss thereof or damage thereto "by fire, theft, or loss of any kind" beyond their control.

This stipulation is not invalid, as the plaintiff argues, on the ground that its purpose was to exempt the defendants from liability for loss of or damage to the plane resulting from their negligence. It was not intended for that purpose, nor did it have such legal effect. Its purpose was to absolve the defendants from liability for loss or damage by fire, theft, or other cause which was beyond the defendants' control, that is, which was not attributable to their negligence. Loss of or damage to the property by fire, theft, or any other cause, brought about by the defendants' negligence, would not be beyond their control

and would not be within the terms of the provision. Or, to state the matter another way, the purpose of the stipulation was to relieve the defendants of liability for loss of or damage to the plane except for some cause within the defendants' control, that is, some cause due to or occasioned by their negligence. See 6 Am. Jur., Rev. Ed., Aviation, § 26, p. 17; *Timmins* v. *Schroeder* (Tex. Civ. App.), 26 S. W. (2d) 664.

█ The effect of the stipulation was to remove the transaction from the category of an ordinary contract of bailment and predicate the defendants' liability upon a showing that their failure to redeliver was due to their negligence. The burden of proving such negligence was upon the plaintiff. Admittedly, it has not borne this burden and has not shown that the loss of the plane, or the fire which occasioned it, was attributable to the negligence of the defendants.

█ Under the second count of the notice of motion which charged that the loss of the plane by fire was proximately due to the negligence of the defendants, the burden of proving such negligence was on the bailor plaintiff. 6 Am. Jur., Rev. Ed., Bailments, §§ 367, 368, pp. 455-8; 8 C. J. S., Bailments, § 50-c, pp. 341, 342.

While the authorities agree that the bailor has the ultimate burden of proving that the loss of the property deposited with the bailee was due to the latter's negligence, there is a conflict of judicial opinion as to the duty of going forward with the evidence where the bailor alleges or proves that the loss of the property, while in the custody of the bailee, has been caused by fire, robbery or theft, or by any means which would ordinarily and reasonably seem to be unavoidable. 6 Am. Jur., Rev. Ed., Bailments, § 372, pp. 462, 463; 8 C. J. S., Bailments, § 50-c, (2), p. 342; Cyclopedia of Automobile Law and Procedure, Perm. Ed., Vol. 7-A, § 5043, pp. 582-4.

Some courts take the view that in this situation, since there is no presumption that the fire was caused by the negligence of the bailee, the burden is on the bailor to prove such negligence by a preponderance of the evidence. See 6 Am. Jur., Rev. Ed., Bailments, § 378, pp. 469, 470.

Especially is this true, as some cases hold, where the bailor elects to allege and prove the circumstances of the loss, and where the bailee's negligence does not affirmatively appear from

the evidence thus adduced by the bailor. See 8 C. J. S., Bailments, § 50-c, p. 348.

Other courts take the view that since the evidence relating to the circumstances of the loss is more likely to be within the knowledge of the bailee than in the bailor, the bailee must go forward with such evidence and show that the loss was not attributable to any want of due care on his part. See 6 Am. Jur., Rev. Ed., Bailments, § 379, pp. 470, 471.[1]

In this State we have adopted the former view. In *Tidewater Stevedore Co.* v. *Lindsay,* 136 Va. 88, 116 S. E. 377, which involved damages to a barge while in the possession of the bailee, we approved the rule as thus summarized in the annotation in 43 L. R. A. (N. S.), p. 1169: "* * * where a bailor alleges and proves simply the delivery of the property to the bailee and the latter's failure to return it on demand, a *prima facie* case is made out against the bailee; * * *. But if the bailee proves that the property was stolen or destroyed by fire, or accounts for his failure to return or for the injury in any other way which does not on its face involve negligence or call for further explanation, the bailor must prove negligence. * * *."[2] (136 Va., at page 98.)

*Marsh* v. *Pennsylvania R. Co.,* 159 Va. 694, 167 S. E. 274, is quite similar to the case at bar. Marsh sued the Railroad Company for damages resulting from the loss of 170 barrels of potatoes which had been loaded on a boxcar and left on a sidetrack. The notice of motion alleged that the potatoes were loaded on the car, stolen therefrom, and that their loss was due to the negligence of the Railroad Company. The plaintiff's case was predicated upon the company's liability as a warehouseman or bailee for hire.

At the conclusion of the plaintiff's evidence, which failed to show the circumstances of the theft, a motion to strike was sustained and a verdict and judgment for the defendant followed. In affirming the judgment we pointed out that since the plaintiff's case was grounded on the alleged negligence of the Railroad Company, it was essential that he prove such negligence; that

---

[1] Among the authorities supporting this view is *Beck* v. *Wilkins-Ricks Co.,* 179 N. C. 231, 102 S. E. 313, 9 A. L. R. 554, relied on by the plaintiff.

[2] The opinion cites with approval among others, the following leading cases supporting that view: *James* v. *Orrell,* 68 Ark. 284, 57 S. W. 931, 82 Am. St. Rep. 293; *Stone* v. *Case,* 34 Okl. 5, 124 P. 960, 43 L. R. A. (N. S.) 1168; *Kohlsaat* v. *Parkersburg, etc., Sand Co.,* C. C. A. 4, 266 F. 283, 11 A. L. R. 686.

the unexplained theft created no presumption of negligence, and that hence the plaintiff had not made out a case.

In *Beer Distributors* v. *Winfree,* 190 Va. 521, 57 S. E. (2d) 902, a tort action, we reversed a judgment in favor of the owner of a trailer which collapsed and was damaged while on the property of the defendant bailee, due to undisclosed causes. We there held that the doctrine of *res ipsa loquitur* did not apply, that proof of negligence on the part of the bailee was essential to the plaintiff's case, and that in the absence of such evidence there could be no recovery.

In the case before us, although the plaintiff alleged, under the second count of the notice, that the defendants were negligent in failing to take adequate measures and precautions to prevent the occurrence or spreading of the fire, there is an entire lack of evidence to sustain the charge.

As has been said, while Mr. Ashburn was called as an adverse witness for the plaintiff, he was not asked about the circumstances of the fire. It is apparent, too, from the colloquy which occurred between the court and counsel during the argument of the motion to strike, that the defendants were in possession of no evidence which would tend to show that the fire was occasioned by their negligence. Counsel for the plaintiff admitted that he made no claim that the fire was due to defective wiring in the building. Indeed, the plaintiff makes no specific charge of negligence of the defendants, or of any of their employees, in any respect. Its contention is that the bare showing that the plane was destroyed by fire of undetermined origin raises a presumption that the defendants were guilty of negligence which entitles the plaintiff to a recovery. Under the rule prevailing in this jurisdiction that contention is not sustained.

We agree with the trial court that the plaintiff failed to make out a case under either count of its notice of motion, and for that reason the judgment should be and is

*Affirmed.*