## Staunton

THOMAS CANTY, ET AL. v. WYATT STORAGE CORPORATION.

September 8, 1967.

Record No. 6466.

Present, All the Justices.

*Miles Cary, Jr. (Hirschler and Fleischer,* on brief) for plaintiffs in error.

*Philip B. Morris (Jack B. Russell; Browder, Russell, Little and Morris,* on brief), for defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Upon the application of plaintiffs, Thomas Canty and Margaret Canty, husband and wife, a civil warrant was obtained on January 18, 1965, from the Civil Justice Court for the City of Richmond against Wyatt Storage Corporative (Wyatt) for $1,500, alleged to be due by "Bailment-Contract." Wyatt had the case removed to the Law and Equity Court for the City of Richmond.

The case came on to be heard in the Law and Equity Court on March 31, 1966, without formal pleadings. The parties stipulated that the value of the property involved was $600.

A jury was empaneled. The facts were simple and without conflict.

Plaintiffs proved an oral contract of bailment for hire with Wyatt, the delivery of the goods to Wyatt, and the failure of Wyatt to return the goods to them, due to a destruction of the bailed property when a warehouse of Wyatt containing the property of the plaintiffs was consumed by fire. The plaintiffs rested their case, and Wyatt then moved to strike the evidence upon the ground that the destruction of the goods by fire was not shown to have been due to its negligence.* The court sustained the motion, and judgment for Wyatt followed. Plaintiffs excepted, and upon their petition, we granted this writ of error.

Plaintiffs contend that the evidence made out a *prima facie* case against Wyatt under its notice of motion for breach of a contract; and that having shown the bailment and the failure of the bailee to return the property to them, the burden was on Wyatt to go forward in its effort to show that its failure to deliver the property was not due to its negligence, that is, that the fire was not caused by any lack of care on its part.

Wyatt contends that where a bailor has established delivery and a failure to redeliver, and the evidence shows that the inability to return the goods was due to a fire, the bailor must then go forward with the evidence again and show that the fire was caused by the negligence of the bailee.

[1] There is a conflict of judicial opinion as to the respective duties of bailor and bailee in a case of this character. Some courts take the view that in such a situation, there is no presumption that the fire was caused by the negligence of bailee, and the burden is on the bailor to prove such negligence by a preponderance of the evidence. Annotation, 151 A. L. R., page 717; 8 C. J. S., Bailments § 50 (2), page 518. Other courts have adopted the more modern view that where a bailor makes out a *prima facie* case, and the fact appears that the bailed goods were destroyed by fire, the burden of showing that the fire did not originate from bailee's negligence is upon the latter. Annotation, 151 A. L. R., page 721; 8 C. J. S., Bailments, § 50 (2), page 522.

The modern rule is aptly stated in 8 Am. Jur., 2d, Bailments, § 311, pages 1196, 1197, as follows:

"Where the bailor relies upon the contract of bailment, and his right of recovery is not construed as predicated upon the bailee's failure to exercise due care, as where he pleads simply the bailment,

---

* Prior to making its motion to strike, Wyatt rested its case.

delivery thereunder, and failure to redeliver on demand or as agreed upon, without tendering the issue of negligence, the burden of proof to establish a breach of duty, which rests on the plaintiff throughout the trial, is merely the burden of showing the bailee's failure to perform his contract to return the property. In such case the bailee is liable upon his contract unless he offers a lawful excuse for his failure to perform, and where he seeks to excuse his failure to redeliver on the ground that the property was lost, destroyed, or taken out of his possession without his fault or negligence, he offers an affirmative defense, and the burden rests upon him to establish, upon the whole case, that notwithstanding the loss of the property, he exercised the proper degree of care which the law requires of bailees similarly situated; the ultimate burden of proving negligence cannot, in such cases, properly be placed upon the bailor."

*Id.* § 319, at pages 1208, 1209:

"In cases where the action is construed as one based on the contract of bailment, * * * and the bailee seeks to excuse his failure or refusal to redeliver the property, or defends the action, on the ground that it was stolen, or was damaged or destroyed by fire or other means without negligence on his part, he has the burden of proving his own freedom from negligence in respect of such loss, or, as otherwise stated, that he exercised due care to prevent it."

To the same effect see 8 C. J. S., Bailments, § 50 (2), page 518 *et seq.*

In Virginia we have adopted the modern rule.

In *John Nix & Co.* v. *Herbert*, 149 Va. 131, 135, 140 S. E. 121, 122, 123, we said:

"The general rule is that the burden of proof is on the bailor to show that the loss of or injury to goods was due to the negligence or other fault of the warehouseman; but it is sufficient if he proves facts from which such negligence or fault may be presumed, so as to make a *prima facie* case, and, therefore, by the great weight of authority, upon proof that the goods were delivered to the warehouseman in good condition, he will be liable for any loss or injury to them while in his custody, and for the value of any goods not accounted for by him, unless he affirmatively establishes that such loss or injury was not due to his failure to exercise due care."

In *Revenue Aero Club* v. *Alexandria Airport*, 192 Va. 231, 234, 64 S. E. 2d 671, 673, we repeated this rule:

"It is true that in an action *ex contractu*, where the bailor relies

upon the ordinary contract of bailment without predicating his right of recovery upon the bailee's failure to exercise due care, the bailor makes out a *prima facie* case when he shows the delivery of the article to the bailee and the latter's failure to return it on demand or as agreed upon. In this situation the bailee may escape liability by showing that his failure to redeliver was because the property was lost or destroyed without his fault, but this is an affirmative defense which he must prove."

The same rule was applied in *Glenn* v. *Haynes*, 192 Va. 574, 579, 66 S. E. 2d 509, 511, 512, and in *Miller* v. *Tomlinson*, 194 Va. 367, 369, 73 S. E. 2d 378, 380.

In *Miller* v. *Tomlinson, supra*, 194 Va., where plaintiffs delivered their trucks to the defendant's garage for repairs, and subsequently the garage burned and destroyed the trucks, we held that a *prima facie* case was made out against the bailee, and that:

"It then became the duty of the bailees to show that the failure to return the trucks was not due to negligence on their part, that is, that the fire was not started or permitted to spread to the trucks through any negligence of theirs." (Citing *Revenue Aero Club* v. *Alexandria Airport, supra*, 192 Va. and several research treatises).

Wyatt relies on the contrary view taken in some jurisdictions, and upon § 61-24, Code of Virginia, 1950. Section 61-24 has been repealed and reenacted in substantially similar language in our Uniform Commercial Code, §§ 8.1-8.10, 1965 Added Volume 2A, as § 8.7-204 (1), and reads as follows:

"A warehouseman is liable for damages for loss of or injury to the goods caused by his failure to exercise such care in regard to them as a reasonable careful man would exercise under like circumstances but unless otherwise agreed he is not liable for damages which could not have been avoided by the exercise of such care."

Both the former and present sections restate the principles of the common law as to the liability of a warehouseman for failure to exercise care. Neither section has any bearing upon rules applicable to the burden of proof, to the establishment of a *prima facie* case, or to presumptions. Nor does the Uniform Commercial Code change the rules pertaining to the obligation and liability of warehousemen and bailees with respect to burden of proof and going forward with the evidence.

[2] In *John Nix & Co.* v. *Herbert, supra*, 149 Va., at page 136, 140 S.E. at 123, we said:

"This statute [formerly § 1310 of the Code, predecessor of § 61-24 and now § 8.7-204 (1)] is but declaratory of the common law and in no sense was it the intention of the legislature to declare upon whom the burden of proof should rest. It has no reference to the question of *prima facie* negligence, nor to the question of the presumption of negligence."

The obligation of a warehouseman with reference to property entrusted to him is set out in § 8.7-403, 1965 Added Volume 2A, as follows:

"(1) The bailee must deliver the goods to a person entitled under the document * * *, unless and to the extent that the bailee establishes any of the following:

* * * * * * * * * * *

"(b) damage to or delay, loss or destruction of the goods for which the bailee is not liable; * * *."

In the note of the Code Commission to that section, this is said:

"The official text of the Uniform Commercial Code offers as optional language at the end of subsection (1)(b) of the section, the following: ',but the burden of establishing negligence in such cases is on the person entitled under the document.'

"The optional language was omitted to accord with Virginia law as noted in the Virginia Comment to this section." In the Virginia Comment *John Nix & Co.* v. *Herbert, supra,* 149 Va. is cited.

Section 61-11 of the Code of 1950, which is now incorporated in § 8.7-403 provides as follows:

"*Obligation of warehouseman to deliver.*—A warehouseman, in the absence of some lawful excuse provided by this chapter, is bound to deliver the goods upon a demand made either by the holder of a receipt for the goods or by the depositor, ****.

"In case the warehouseman refuses or fails to deliver the goods in compliance with a demand by the holder or depositor so accompanied, the burden shall be upon the warehouseman to establish the existence of a lawful excuse for such refusal."

The effect of our rule is not to shift the ultimate burden of proof from bailor to bailee, but merely to shift to the bailee the burden of going forward with the evidence to prove that the loss was not due to such failure to exercise due care.

The cases of *Stevedore Co.* v. *Lindsay,* 136 Va. 88, 116 S. E. 377 and *Marsh* v. *Pennsylvania Railroad,* 159 Va. 694, 167 S. E. 274, relied upon by Wyatt, are clearly distinguishable from the case before us and are, therefore, not controlling. In each of those cases, we held

that the bailor had the burden of proving negligence on the part of the bailee in an action for the loss of or damage to bailed goods. But in each of those instances, the bailor brought his action in tort, based upon the negligence of the bailee. Here, the plaintiff's action was not in tort, but in contract, based upon the alleged breach of the agreement by the bailee to return the bailed goods to the bailor.

We conclude that plaintiffs having established their title and right to the household goods and furniture, having shown the delivery to Wyatt for their account, and Wyatt's failure to return it to them on demand, they made a *prima facie* case, and the burden shifted to Wyatt to show that the loss by fire was not due to its negligence.

For the foregoing reasons, we hold that the trial court erred in striking the evidence, and Wyatt having failed to overcome the *prima facie* case made out against it, final judgment in the sum of $600 will be here entered for plaintiffs, with interest and costs.

*Reversed and final judgment.*