## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

First & Merchants National Bank,
Executor of the Estate of
Marguerite T. Bradley, deceased

> v.

Murray Oldsmobile Co., Inc.

October 7, 1971

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the judgment order entered today in this case in favor of the plaintiff.

This contract action seeks recovery for the loss by theft of four wheels and tires from a 1970 Oldsmobile owned by the plaintiff's decedent and left with the defendant for repair on July 28, 1970, under a new car warranty. At the time of the loss, the vehicle was being stored overnight on a lot owned by the defendant.

When the vehicle was delivered to the defendant, the seventeen-year-old son of the plaintiff's decedent signed a work order which contained the following language immediately above his signature:

> *Not responsible for loss or damage to cars or articles left in cars in case of fire, theft or any other cause beyond our control*
>
> I hereby authorize the above repair work to be done along with the necessary material and hereby grant you and all your employees permission to operate the car or truck herein described on streets, highways or elsewhere for the purpose of testing and/or inspection. An express mechanic's lien is hereby acknow-

ledged on above car or truck to secure the amount of repairs thereto.

The parties do not dispute the fact that this transaction constituted a bailment for the mutual benefit of the parties.

The defendant contends that the owner's risk clause herein places the burden upon the plaintiff of going forward with the evidence to show the defendant's negligence. *Revenue Aero Club* v. *Alexandria Airport*, 192 Va. 231 (1951). Ordinarily, of course, in a suit brought on the contract of bailment, the bailor, upon showing delivery of the article to the bailee and the latter's failure to return upon demand, makes out a *prima facie* and the bailee, to escape liability, must show that the failure to redeliver was because the property was lost or destroyed without its fault. *Canty* v. *Wyatt Storage Corp.*, 208 Va. 161, 163 (1967). The plaintiff argues that the *Canty* rule governs this case.

In addition, the plaintiff asserts that the owner's risk clause herein is inoperative because: first, no agency relationship has been established between the plaintiff's decedent and her son; and, second, that even if the son was the agent of the owner, there has been no express agreement entered into by the son and the defendant, as was the case in *Revenue Aero*. Moreover, the plaintiff contends, the disclaimer herein is an attempt by the defendant to avoid liability for future negligence and is, therefore, void as against public policy, citing *Johnson's adm'x.* v. *Richmond and Danville R.R. Co.*, 86 Va. 975, 978 (1890).

These positions of the plaintiff are not supported by the law. In the first place, the son, accompanied by his stepfather, delivered his mother's car to the defendant and signed the work order in question which, *inter alia*, authorized the repairs to be made. Under these circumstances, the defendant could rely upon the apparent authority of the infant son to act as the agent for his mother. *Southern Packing Corp.* v. *Crumpler*, 175 Va. 431, 434 (1940); *Bloxom* v. *Rose*, 151 Va. 590, 598 (1928). *See* 3 Am. Jur., *Parent and Child*, § 4, p. 597, ftn. 17 and 19.

Secondly, a close examination of *Revenue Aero* discloses a case directly in point as it relates to the disclaimer

herein. The language of the disclaimers in each case is almost identical. The plaintiff argues that here a unilateral statement is made, while there was an express stipulation in *Revenue Aero*. A review of the original record in *Revenue Aero* shows that the work order in question upon which the disclaimer appeared was not an exhibit in the case. (The appellee's brief indicates that the bailee's copy was burned in the fire which consumed the airplane.) The evidence showed only that some unnamed agent of the bailor signed the work order with prior "arrangements" having been made for the repairs over the telephone. There, the evidence showed the disclaimer was "in the order." Here, the statement is on the face of the order. The disclaimer here is hardly any less a contract term than the disclaimer in *Revenue Aero*. In both cases, there was an express condition stated on the work order signed by the bailor's agent. The disclaimer here is prominent and in a place where the agent ought to have known the terms thereof which are set out immediately above his signature. *Green's Executors* v. *Smith*, 146 Va. 442, 453 and 454 (1926).

Finally, the stipulation is not invalid as an attempt to relieve the defendant from future liability resulting from negligence. The purpose of the disclaimer was to relieve the defendant from liability for loss of or damage to the vehicle except for some cause within the defendant's control, that is, some cause due to its negligence. A theft as the result of the defendant's negligence is not beyond the defendant's control and, therefore, is not affected by the disclaimer except as to the placing of the burden of going forward with the evidence of negligence. 192 Va. at 234 and 235.

In view of what has been set out above, the court holds that the plaintiff has the burden of proof as to the negligence of the defendant bailee.

This court further finds that the plaintiff has borne such burden and that, under the facts, the defendant was guilty of negligence which resulted in the loss of the articles aforesaid. This new vehicle equipped with wheels and tires having a special appeal was parked in an unfenced lot overnight. The defendant had experienced instances of theft in the past. Irregular inspections of the lot were made by security guards who had other

locations to patrol. This lighted storage lot is located across an alley from the defendant's service building and covers threefourths of a city block. Under these circumstances, the defendant has failed to exercise that degree of care required of an ordinarily prudent person in the business of the defendant and is, therefore, guilty of negligence which resulted in the loss sued upon.