# Volvo White Truck Corporation

## v.

# Lowell Phillip Vineyard

Record No. 890098

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Robert B. Delano, Jr. (Henry M. Massie, Jr.; Sands, Anderson, Marks & Miller*, on briefs), for appellant.

(*Louis D. Snesil; Emroch & Williamson*, on brief), for appellee. Appellee submitting on brief.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, a case involving a bailment for the mutual benefit of a bailor and a bailee, we determine when, and under what circumstances, the bailee (1) has the burden of persuasion on the issue of his negligence, and (2) has the burden of going forward with the evidence on the negligence issue.

Lowell Phillip Vineyard, the plaintiff/bailor, sued Volvo White Truck Corporation (Volvo), the defendant/bailee. Vineyard claimed that he delivered his tractor to Volvo for routine maintenance and that Volvo returned the tractor in a damaged condition. Vineyard's motion for judgment contained two counts. In the first, a tort count, he alleged that the damage to the tractor was caused by Volvo's negligence. In the second, a contract count, Vineyard alleged that Volvo breached the bailment contract.[1] By its grounds of defense, Volvo denied that it was negligent, denied that it breached the contract, and alleged that the damage resulted

---

[1] Both the alleged tort and the alleged breach of contract occurred in the State of North Carolina. On brief, however, both parties rely exclusively on Virginia law. We, therefore, assume, without deciding, that Virginia law governs.

from Vineyard's negligence or from the negligence of third parties.

The two counts in the motion for judgment were tried together before a jury. The jury returned a verdict in Vineyard's favor in the amount of $15,261.00. The trial court ruled that the verdict was excessive and ordered a remittitur to reduce the amount of the judgment to $9,107.80.[2]

Vineyard owned a 1978 Kenworth, cab-over-engine style, tractor. With this style tractor, the entire cab pivots up and forward on hinges located on the front of the chassis. Access to the engine is gained by pivoting the cab.

A large fiberglass engine cover is located across the floor of the cab and is hidden from view by vinyl upholstery. This engine cover is called a "doghouse."

Under normal operating conditions, the rear of the cab rests upon a U-shaped collar bolted to the chassis. A hydraulically-operated hook on the back of the cab latches to the collar and fastens the rear of the cab to the chassis. If an attempt is made to raise the cab when the hook is latched, the doghouse can be damaged.

On July 23, 1985, Vineyard took the tractor to Volvo in Kernersville, North Carolina, for routine maintenance in preparation for hauling a trailer of goods to the West Coast. Volvo agreed to perform the service and to return the tractor the following day.

The next day, when Vineyard returned to Volvo to pick up the tractor, he observed that the cab was in the raised position. The U-shaped collar was not bolted to the chassis in its normal position but was held aloft by the cab's rear hook.

Upon starting the tractor's engine, Vineyard noticed that it sounded unusually loud. He also noticed that the upholstery covering the doghouse was stretched. When Vineyard pulled the upholstery back, he saw a large crack in the doghouse that, according to Vineyard, had not been present when the tractor was delivered to Volvo. This is the damage that prompted this litigation.

Vineyard immediately called the damage to the attention of Volvo's personnel, but they denied that they had caused the damage. Vineyard promptly had the tractor transported to Truck Enterprises Richmond, Inc. (Truck Enterprises), in Richmond, for repairs.

---

[2] This ruling is not before us in this appeal.

Two experts testified on Vineyard's behalf. Both opined that the damage to the doghouse was of recent origin and had been caused by an attempt to raise the cab while the rear-cab hook was latched.

Two Volvo employees and one expert testified on Volvo's behalf. In their opinion, the doghouse had been damaged before the tractor was delivered to Volvo for servicing. A former owner of the tractor testified, by deposition, that while he owned the tractor, the doghouse was damaged and repaired on two occasions.

Over Volvo's objection, the trial court granted jury instructions 4 and 5[3] which placed upon Volvo the burden of proving, by the greater weight of the evidence, that the tractor's damage was not caused by Volvo's failure to exercise reasonable care. Volvo contends on appeal that, in granting these instructions, the trial court committed reversible error. Volvo further contends that the trial

---

[3] These instructions read, in pertinent part, as follows:

INSTRUCTION NO. 4

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1) Did the plaintiff deliver a 1978 Kenworth Road Tractor to defendant Volvo White Truck Corporation under a bailment agreement?

(2) Did defendant Volvo White Truck Corporation return the 1978 Kenworth Road Tractor to the plaintiff in a damaged condition?

On these issues the plaintiff had [sic] the burden of proof.

(3) Was the damage to the Kenworth Tractor not proximately caused by the failure of Volvo White [Truck] Corporation to exercise reasonable care?

. . . .

On this issue the defendant Volvo White Truck Corporation has [the] burden of proof.

INSTRUCTION NO. 5

You shall find your verdict for Lowell Phillip Vineyard if he proved by the greater weight of the evidence:

1. that he delivered his Kenworth tractor to Volvo White Truck Corporation under a contract of bailment; and

2. that Volvo White Truck Corporation returned it in damaged condition.

You shall find your verdict for Volvo White Truck Corporation:

1. if Lowell Phillip Vineyard failed to prove either element above; or

2. if Volvo White Truck Corporation proved by the greater weight of the evidence the damage was not caused by its failure to exercise reasonable care.

court erred in refusing to grant jury instructions F and N.[4]

▉ When a bailment is for the mutual benefit of the bailor and bailee, the bailee must use ordinary care for the protection, preservation, and return of the bailed property. If the bailee fails to use ordinary care, he is liable to the bailor for any loss or damage to the property resulting from the bailee's failure. *See Stevedore Co.* v. *Lindsay*, 136 Va. 88, 99, 116 S.E. 377, 380 (1923).

▉ When the plaintiff/bailor's cause of action is based upon the alleged negligence of the defendant/bailee, the burden is on the plaintiff "throughout the case" to prove the defendant's negligence. *Id.* at 95, 116 S.E. at 378. This burden is called the burden of persuasion, and it always remains with the plaintiff in a negligence case.

▉ However, when the bailor proves that the property was delivered to the bailee in good condition "and was returned damaged in such a way as does not usually occur by the exercise of proper care," there arises a presumption that the bailee was negligent. *Id.* at 98, 100, 116 S.E. at 379, 380. This presumption operates to shift to the bailee the burden of going forward with evidence tending to rebut the presumption. *Id.* at 100, 116 S.E. at 380. The

---

[4] These instructions read, in pertinent part, as follows:

INSTRUCTION NO. F

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issues in this case are:

(1) Did the plaintiff deliver a 1978 Kenworth Road Tractor to defendant Volvo White Truck Corporation under a bailment agreement?

(2) Did Defendant Volvo White Truck Corporation return the 1978 Kenworth Road Tractor to the plaintiff in a damaged condition?

(3) Was the damage to the Kenworth Road Tractor caused by the defendant Volvo White Truck Corporation?

On these issues the plaintiff had [sic] the burden of proof.

(4) Did the plaintiff fail to use due care by not informing the defendant Volvo White Truck Corporation that the engine tunnel on the 1978 Kenworth Road Tractor was in a damaged or weakened condition which might be aggravated in raising the cab to perform routine maintenance services.

On this issue the defendant Volvo White Truck Corporation has [the] burden of proof.

INSTRUCTION NO. N

The fact that there was damage to the 1978 Kenworth Road tractor does not, of itself, entitle the plaintiff to recover.

The plaintiff has the burden of proving by the greater weight of the evidence that the defendant was negligent and that its negligence caused the plaintiff's damage.

presumption, however, does not operate to shift to the bailee the burden of persuasion, *i.e.*, the burden of proving by a preponderance of the evidence that he was not negligent.

■ A different set of principles pertains, however, when the plaintiff/bailor brings a contract action based upon the bailee's alleged breach of a bailment contract. In such an action, we have adopted the so-called "modern rule":

> Where the bailor relies upon the contract of bailment, and his right of recovery is not construed as predicated upon the bailee's failure to exercise due care, as where he pleads simply the bailment, delivery thereunder, and failure to redeliver on demand or as agreed upon, without tendering the issue of negligence, the burden of proof to establish a breach of duty, which rests on the plaintiff throughout the trial, is merely the burden of showing the bailee's failure to perform his contract to return the property. In such case the bailee is liable upon his contract unless he offers a lawful excuse for his failure to perform, and where he seeks to excuse his failure to redeliver on the ground that the property was lost, destroyed, or taken out of his possession without his fault or negligence, he offers an affirmative defense, and the burden rests upon him to establish, upon the whole case, that notwithstanding the loss of the property, he exercised the proper degree of care which the law requires of bailees similarly situated; the ultimate burden of proving negligence cannot, in such cases, properly be placed upon the bailor.

*Canty* v. *Wyatt Storage Corp.*, 208 Va. 161, 162-63, 156 S.E.2d 582, 583 (1967) (quoting 8 Am. Jur. 2d *Bailments* § 311).

■ In a contract action, therefore, the burden of persuasion also rests with the plaintiff throughout the trial. This burden, however, is merely the burden of showing the bailment contract and the bailee's failure to perform the contract by failing to return the property in an undamaged condition. *Canty*, 208 Va. at 163, 156 S.E.2d at 583. When, however, the bailee seeks to defend the contract action by asserting the affirmative defense that the property was damaged without negligence on his part, the bailee has the burden of proving his own freedom from negligence, or, as otherwise stated, that he exercised due care to prevent the dam-

age. *Id.* Thus, with respect to the affirmative defense, the bailee has the burden of persuasion.

■ In the present case, as previously noted, a tort action and a contract action were tried to the jury. The evidence pertaining to each action conflicted such that reasonable minds could differ about the conclusions to be reached.[5] In both actions, therefore, jury issues were presented.

■ Accordingly, it was incumbent upon the trial court to instruct the jury fully and clearly on the principles of law governing both actions. Instructions 4 and 5 fail in that regard. Refused instructions F and N similarly would have failed. The jury instructions must differentiate between the two actions and the parties' burdens of proof in each action.

For the reasons stated, we will reverse the trial court's judgment and remand the case for a new trial consistent with the views expressed herein.

*Reversed and remanded.*

---

[5] Because reasonable minds could differ, we reject Volvo's contention that the trial court erred in refusing to rule that the evidence was insufficient to support a verdict for Vineyard, as a matter of law.