## CIRCUIT COURT OF FAIRFAX COUNTY

Judy A. Hayes

v.

Bernie Reani et al.

February 25, 1998

Case No. L161883

BY JUDGE DENNIS J. SMITH

This case comes before the Court on Plaintiff, Ms. Hayes', appeal from the Fairfax County General District Court. Ms. Hayes alleges that Packaging Etc. has failed to return property she entrusted to them. This Court heard argument on stipulated facts and took the case under advisement.

As a general rule, when a bailment is for the mutual benefit of the bailor and the bailee, the bailee must use ordinary care to return the bailed property to the bailor. If the bailee does not, he is liable to the bailor for any loss of the property. The burden of proving that such bailments for hire exist is on the plaintiff. *See Volvo White Truck v. Vineyard*, 239 Va. 87, 91, 237 S.E.2d 763, 767 (1990); *see John Nix Co. v. Herbert*, 149 Va. 131, 135, 140 S.E. 121, 125 (1927).

However, when an action is brought based upon the bailee's alleged breach of a bailment contract, the "modern rule" applies. Under this rule, plaintiff's right of recovery is not construed as predicated upon the tort theory of the bailee's failure to exercise due care, but rather upon the failure of the bailee to perform the contract. In this circumstance, the issue of negligence is not implicated, so therefore the plaintiff must only establish the bailment, delivery thereunder, and failure to redeliver on demand. *See Volvo White Truck*, 239 Va. at 92.

Once the plaintiff has established his *prima facie* case, the bailee is liable upon his contract unless he offers a lawful excuse for his failure to perform. Where a bailee seeks to excuse his failure to redeliver on the

ground that the property was lost, destroyed, or taken out of his possession without his fault or negligence, he offers an affirmative defense. When presenting an affirmative defense, the burden rests upon the defendant to establish that, notwithstanding the loss of the property that he exercised the proper degree of care which the law requires under the terms of his contract. *See id.*

In the case at bar, the following facts are either stipulated or uncontroverted: (1) Packaging Etc. is in the business of arranging delivery of items for profit; (2) Ms. Hayes gave $340.00 to a Packaging Etc. agent for purposes of delivery of that money to her daughter via Federal Express; (3) Ms. Hayes paid for this service; (4) the package was never delivered to Federal Express per the parties' agreement, nor was it delivered to Ms. Hayes' daughter; (5) Ms. Hayes demanded return of the property; and (6) Packaging Etc. failed to return the money. Based on these facts, this Court finds that Ms. Hayes has met her burden of proof to establish a breach of contract.

Packaging Etc. argues that the Federal Express packaging in which Ms. Hayes placed her $340.00 in cash expressly prohibits customers from sending cash through Federal Express. It is not contested, however, that a Packaging Etc. agent instructed Ms. Hayes to utilize the envelope for shipment to her daughter. Therefore, Packaging Etc. are estopped from now asserting that a third party's written representations somehow override its own oral instructions and bar Ms. Hayes' recovery.

As Packaging Etc. offers no valid affirmative defense for the loss of the property, this Court finds in favor of the plaintiff in the amount of $356.00 for the lost bailment property plus the $16.00 Federal Express fee.