## CIRCUIT COURT OF LOUDOUN COUNTY

Joanna Yoemans

v.

Nathaniel Morison, III

April 28, 1998

Case No. (Law) 19612

BY JUDGE THOMAS D. HORNE

Plaintiff seeks recovery in this case predicated upon defendant's alleged breach of contract and tortious conduct arising out of the care rendered to plaintiff's horse. In her five-count motion for judgment, Joanna Yoemans contends that Nathaniel Morison, III, also known as Welbourne Farm, breached terms of his contract with Yoemans. In addition, she asserts that Morison was negligent in his care of the horse and that he immediately caused her to suffer extreme emotional distress for which she is entitled to recover both compensatory and punitive damages.

Defendant counters the allegations of the Motion for Judgment with a demurrer. He asserts that the pleadings state nothing more than a claimed breach of an agistment bailment. An agistment bailment, he observes, is, "characterized by an agreement in which one person agrees to care for and feed animals of another for consideration." *Smurthwaite v. Painter*, 755 P.2d 753, 755 (Utah App. 1988). Accordingly, he contends, "[u]nlike typical causes of action, under an agistment bailment, the owner always has the burden of proof showing that the agister was negligent for any damage to the chattel animal." In support of his demurrer, counsel for the defendant relies in part upon an annotation in the American Law Reports 2d and upon various authorities from other jurisdictions. Anno: *Liability of Agister*, 94 A.L.R.2d 321. Having reviewed those authorities, the Court is of the opinion that it

should not favor a rule which would accord to the agister a lesser burden of proof in avoiding liability than any other bailee.

An aggrieved bailor may sue his bailee in either tort or contract. *See generally*, 8A Am. Jur. 2d, *Bailments*, § 206. In the case of the former, the plaintiff bailor must establish that the bailee was negligent in his care of the bailed property. *Volvo White Truck Corp. v. Lowell Phillip Vineyard*, 239 Va. 87 (1990). The burden of persuasion never shifts from the plaintiff to show negligence on the part of the bailee. However, once the bailor has demonstrated that the property was delivered to the bailee in good condition and returned in a damaged condition, a presumption arises that the bailee was negligent. Thus, while the burden of going forward with evidence to rebut the presumption shifts to the defendant bailee, the ultimate burden of persuasion remains with the plaintiff.

In a contract action, the rule is different. Thus, once the bailor has shown the bailment contract and the bailee's failure to return the bailed property in accordance with the contract of bailment, he has met the burden of persuasion. In such circumstances, the defendant bailee then has the burden of persuasion to establish an affirmative defense that the property was not damaged as a result of the bailee's negligence. *Volvo, supra*, at 91-93.

Were the court to accept the argument of the defendant, the plaintiff would be required to prove the negligence on the part of the defendant in care of the horse, "Ross," whether the claim sounds in tort or in contract. The burden of persuasion in either case would never shift to the defendant. There is no reason shown in the cases cited which would warrant such a variance from the general rule.

The Court finds that those issues raised on demurrer as to the nature of the contract(s) alleged to have been breached and of the alleged negligent conduct of the defendant cannot be resolved on demurrer. Discovery should proceed in the case, and those issues more appropriately addressed on summary judgment or at a trial on the merits. However, to the extent that the plaintiff seeks to recover upon a theory of strict liability, the demurrer should be sustained. Thus, the demurrer as to Counts I (breach of contract), II (negligence), III (breach of bailment), and IV (breach of bailment) is overruled. On demurrer, the Court must view the allegations contained in the motion for judgment and those that may be reasonably inferred from the pleading favorably to the plaintiff. Thus, the reader may fairly conclude in the instant case that the defendant concealed from the plaintiff the lack of care rendered the animal and of its failed and deteriorating condition while in his care. To what extent such conduct justifies recovery of punitive damages for

the intentional infliction of emotional distress cannot be resolved on demurrer. Accordingly, the demurrer to Count V (intentional infliction of emotional distress) is overruled.

Mr. Rogers will be granted twenty-one days from the entry of such order to file such additional responsive pleadings as he may be advised.