## CIRCUIT COURT OF THE CITY OF RICHMOND

Barbara S. Pitchford

    v.

Commonwealth of Virginia

September 20, 1999

Case No. LF-128-3

BY JUDGE MELVIN R. HUGHES, JR.

"In this [case] involving a bailment, [the court] must decide what standard of care is imposed upon the bailee by the relationship." *Morris v. Hamilton*, 225 Va. 372 (1983).

The case was tried to the court on September 8, 1999. The court took the decision under advisement after all the evidence. The term bailment is used advisedly because the defendant argues that no bailment is involved for lack of proof that it ever came into possession of the plaintiff's property. A summary of the salient facts are as follows.

Plaintiff, a nurse employed at the Medical College of Virginia, arrived for work around 8:00 to 8:30 on the evening of May 8, 1999. After parking her vehicle in a parking deck adjacent to the hospital, she was accosted there by two men who attacked and beat her. The two ran away after plaintiff said she thought she heard one of them say others were approaching. Plaintiff testified that the next thing she remembered was looking up at the face of a medical resident who found her lying face up on the parking deck floor.

After being attended to by ambulance personnel and fitted with a neck collar at the scene, the plaintiff was transported to the MCV emergency room. While in the receiving room, nurses in attendance removed her jewelry consisting of earrings and a necklace. This was necessary to take x-rays of her upper extremities. Plaintiff testified that she was told to keep still and close

her eyes. She was bloodied and beaten about the face, and blood was present over one eye due to a head wound.

At issue is a diamond pendant which was attached to the necklace plaintiff was wearing. Plaintiff has alleged in four counts that the pendant, though taken, was not returned with her other personal effects. Plaintiff testified that she felt the pendant in the back and around the side of her neck during the process of removal by the nurse. The two nurses who were present, one of whom actually removed the necklace while the other observed, both testified that, when the necklace came off, no pendant was present. During the hearing, the court examined the necklace. There was no visible sign of damage to it.

After remaining in the emergency room for about six to eight hours, plaintiff was released without being admitted to the hospital. As mentioned, after removal of the necklace and after personal items were placed in a bag, the bag was put on the table beside plaintiff's bed. The bag was eventually turned over to plaintiff's supervisor who in turn gave it to plaintiff or plaintiff's daughter after plaintiff's release. Later at home, she discovered that, while the necklace was present, the pendant was not. The parties have stipulated that the diamond pendant has a value of $6,000.

The court will assume that for purposes of a ruling that the diamond pendant was attached to the necklace at the time of removal. Thus, contrary to the position of the hospital, the court assumes a bailment arose. Again, the question is what standard of care is applicable. As I mentioned during the proceedings, it depends on how the bailment is classified. Applicable here, the circumstances suggest either a bailment for mutual benefit or a gratuitous one.

In a bailment "for the mutual benefit of the bailor and bailee, the bailee must use ordinary care for the protection, preservation, and return of the bailed property. If the bailee fails to use ordinary care, he is liable to the bailor for any loss or damage to the property resulting from the bailee's failure." *Volvo White Truck Corp. v. Vineyard*, 239 Va. 87, 91 (1990) (citation omitted). A gratuitous bailment, on the other hand, is one where the possession is given the bailee solely for the benefit of the bailor. "A bailee who acts gratuitously is not held to the same standard of care as one who enters upon the same undertaking for pay. The latter owes a duty of reasonable or ordinary care, while a gratuitous bailee owes only a duty of slight care. Thus, in order for a bailor to recover from a gratuitous bailee, he must prove the bailee was guilty of gross negligence." *Morris v. Hamilton* at 375 (citation omitted).

As noted, plaintiff was asked to remove her personal effects including the necklace, to facilitate the taking of x-rays of her upper extremities, where she had sustained injury. There was testimony that this was needed to exclude skull and bone fracture, among other things. Under these circumstances the

hospital came by possession of the necklace for the benefit of plaintiff in the rendition of medical care.

As has also been noted, plaintiff was not admitted to the hospital, but was rather treated in the emergency room and released. Contrary to plaintiff's contention, the evidence does not establish a contract of bailment. Were this the case "[a] different set of principles would apply." *Volvo White Truck Corp. v. Vineyard*, 239 Va. 87, 92 (1990). In such an instance the bailee, here the hospital, would have the burden of persuasion of showing the exercise of "due care to prevent the damage." *Id.* at 92.

Here, the proof falls short of demonstrating the applicable standard, gross negligence in the instance of a gratuitous bailment; given this finding, plaintiff cannot recover on this basis.

This outcome applies to three of the counts plaintiff has raised: detinue, contract of bailment, and tort of bailment. To the extent that the plaintiff relies on bailment as a basis for detinue, her action fails.

As to the remaining count, conversion, the court will not rely on the assumption that the property was given over. This count alleges essentially a theft of the pendant to the extent that there was an unauthorized exercise of dominion and control with intent to permanently deprive the plaintiff thereof, either by taking or embezzlement. Here the testimony is equally believable as to a taking and a non taking, plaintiff's testimony that she felt the pendant around her neck when the nurses were removing it and the nurses' who both testified they did not observe it when the necklace was pulled away. There is no evidence of who may have deprived the plaintiff of the pendant after it came in rightful possession to constitute an embezzlement. Accordingly, the conversion count also fails.

For the foregoing reasons, the court has entered judgment for the defendant.