# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Automotive Services Finance, Inc.

v.

Affordable Towing, Inc.,
and Kevin D. Schulmeister

January 9, 2006

Case No. CL05-399

BY JUDGE H. THOMAS PADRICK, JR.

Plaintiff Automotive Services Finance, Inc., ("ASF"), and defendant Affordable Towing have an established business relationship that has lasted for more than four years and continued through the trial date. By this relationship, ASF would contact and request Affordable Towing to retrieve and subsequently deliver a specific automobile belonging to ASF to a predesignated location. This business relationship does not exist by virtue of a written contract, but Affordable Towing sends ASF a written invoice following each completed delivery, and it is promptly paid.

On or about December 3, 2004, ASF contacted Affordable Towing and requested that the latter retrieve a 1999 Dodge Dakota truck owned by ASF from a repair shop in Norfolk and transport this truck to a car dealership in Virginia Beach for resale. While Affordable Towing was transporting the truck to its destination in Virginia Beach, an accident occurred that resulted in the total destruction of the truck.

During the course of the already concluded trial, this Court found that the damage sustained to ASF's truck was caused by a third-party vehicle striking the co-defendant Kevin Schulmeister's car, causing this car to lose control, careen across Interstate 264E, and strike Affordable Towing's tow truck during transportation of the truck. Following trial, this Court dismissed Count II (negligence) of ASF's Motion for Judgment, holding that ASF failed

to establish negligence on the part of either co-defendant, Affordable Towing and Kevin D. Schulmeister, and ordered that judgment be entered in favor of Kevin D. Schulmeister because ASF failed to establish his responsibility for the negligence that lead to the damages suffered to the truck.

The court finds that this is a bailment action. The terms of the parties' business transaction is governed by Virginia law pertaining to contracts of bailment; a bailment is created when a chattel is lawfully delivered by or with the permission of its owner (i.e. the bailor, here ASF) to the bailee (here, Affordable Towing), who accepts possession of the chattel. *K-B Corp. v. Gallagher*, 218 Va. 381, 384 (1977). Where the bailor relies upon the contract of bailment and his right of recovery is not construed as predicated upon the bailee's failure to exercise due care, e.g., where the bailor pleads simply the bailment, delivery thereunder, and failure to redeliver on demand or as agreed upon, without tendering the issue of negligence, the burden of proof to establish a breach of duty, which rests on the plaintiff throughout the trial, is merely the burden of showing the bailee's failure to perform his contract to return the property. *See Canty v. Wyatt Storage Corp.*, 208 Va. 161, 162-63 (1967) (*"bailee is liable upon his contract unless he offers a lawful excuse for his failure to perform*, and where he seeks to excuse his failure to redeliver on the ground that the property was lost, destroyed, or taken out of his possession without his fault or negligence, he offers an *affirmative defense*, and the *burden rests upon him* to establish, upon the whole case, that, notwithstanding the loss of the property, he exercised the proper degree of care which the law requires of bailees similarly situated") (emphasis added). In such a case, the bailee is liable upon his contract, unless he offers a lawful excuse for his failure to perform, and where he seeks to excuse his failure to redeliver on the ground that the property was lost, destroyed, or taken out of his possession without his fault or negligence, he offers an affirmative defense. Then the burden rests upon him to establish, upon the whole case, that notwithstanding the loss of the property, he exercised the proper degree of care which the law requires of bailees similarly situated; the ultimate burden of proving negligence cannot, in such cases, properly be placed upon the bailor. *Id.* When an action is brought for the breach of a bailment contract, the failure of a bailee to return property delivered to him or the redelivery in a damaged state raises a presumption that its nonproduction or the damage to the vehicle is due to his negligence. *See Volvo White Truck Corp. v. Vineyard*, 239 Va. 87 (1990) (the bailee's defense to the contract action that the property was damaged without negligence on his part acts as an affirmative defense for which the bailee has the burden of proof); *Revenue Aero Club v. Alexandria Airport*, 192 Va. 231, (1951); *Glenn v. Haynes*, 192 Va. 574, (1951); *Miller v.*

*Tomlinson*, 194 Va. 367, (1952); *see also Pitman v. Pitman*, 717 N.E.2d 627 (Ind. App. 1999) (failure to return experimental backhoe); *Hacohen v. Bolliger, Ltd.*, 108 A.D.2d 357, 489 N.Y.S.2d 75 (1st Dep't 1985) (freight left in warehouse disappeared); *Clark v. National Movers Co.*, 53 N.J. Super. 325, 147 A.2d 298 (1959) (household goods stored in warehouse destroyed by fire); *Barnett Motor Transp. Co. v. Cummins Diesel Engines*, 162 Conn. 59, 291 A.2d 234 (1971) (theft of tractor).

As the bailee, Affordable Towing thus has the burden of producing evidence to show that its negligence or fault was not the cause of the damage to or loss of the truck. *See Volvo White Truck Corp. v. Vineyard*, 239 Va. 87, 91-92 (Va. 1990) (holding that presumption that bailee was negligent operates to shift only the burden of production and not the burden of persuasion); *City of Hopewell v. Tirpak*, 28 Va. App. 100, 117 (1998), *citing Volvo White Truck Corp., supra; see also Bauer v. G. W. Motors, Inc.*, 9 Va. Cir. 531 (1983); *Revenue Aero Club v. Alexandria Airport*, 192 Va. 231 (1951); *Glenn v. Haynes*, 192 Va. 574 (1951); *Miller v. Tomlinson*, 194 Va. 367 (1952). As stated by one court:

> The better reasoning and the weight of authority is that where the bailor makes out a prima facie case of negligence against the bailee, by showing that the goods bailed have not been returned on demand, such prima facie case is not overcome by a showing, on the part of the bailee, to the effect that the goods have been burned or otherwise destroyed or have been stolen, *but before the bailor's prima facie case can be said to be overcome, the bailee must further produce evidence tending to prove that such burning or loss or theft was occasioned without his fault.*

*Mathews v. Cumberland Chevrolet Co.*, 640 S.W.2d 582, 584 (Tenn. App. 1982) (emphasis added), *quoting Clemenson v. Whitney*, 238 Ill. App. 308 (1925). Here, Affordable Towing has both the duty to plead its own lack of negligence as an affirmative defense and the burden of proof on this point. *See, e.g., Volvo White Truck Corp.*, 239 Va. at 91-92; *Canty*, 108 Va. at 162-63. There is no dispute that plaintiff under the foregoing principles made out a prima facie case for damages under the bailment contract. Affordable Towing asserts, however, that it has borne the burden of proving it was not negligent.

Here, Affordable Towing sufficiently pleaded its own lack of negligence when it denied "that its negligence was a proximate cause of plaintiff's damages" in its Affirmative Defenses. (Defendant Affordable Towing, Inc.'s Answer and Grounds of Defense, at 3.) During the course of

the trial, Affordable Towing established to the satisfaction of this court that it did not act negligently in transporting the truck. It overcame the prima facie case of breach of bailment established by ASF because it produced evidence to demonstrate that its actions were not the cause of the damage to the truck. As a result, this Court finds that Affordable Towing is not liable to ASF for the damage to the truck, and Count I of ASF's Motion for Judgment is dismissed.