## CIRCUIT COURT OF THE CITY OF NORFOLK

J. Castle Craddock and
Hazel O. Craddock

   v.

A & E Moving Storage, Inc.,
d/b/a New Bell Moving and
Storage, Inc.,
and Mayflower Transit, L.L.C.

April 22, 2011

Case No. CL10-493

By Judge Mary Jane Hall

The matter comes before the Court on the Special Pleas in Bar and Demurrers filed by Defendants A & E Moving and Storage, Inc., d/b/a New Bell Moving and Storage, Inc., and Mayflower Transit, L.L.C. New Bell filed a Special Plea in Bar asserting that the statute of limitations bars Counts I (alleging violation of the Virginia consumer Protection Act) and III (alleging fraudulent inducement to contract). Mayflower presents the same statute of limitations arguments to those same counts against it (Counts II and IV) in the body of its Memorandum in Support of Demurrer.

New Bell's Demurrer addresses only Counts V (Breach of Contract) and VII (Bailment). Virginia Code § 8.01-273 prohibits the Court from considering any grounds for demurrer other than those stated specifically in the pleading; thus, the Court limits its consideration of New Bell's demurrer to Counts V and VII. Mayflower's Demurrer relates to each count of the Amended Complaint.

*Factual Background*

Plaintiffs, daughter and mother Castle and Hazel Craddock, brought suit against two moving and storage companies for damage to the household effects and furniture that New Bell moved and stored from November 2006 to December 2008. Although the Complaint attaches as Exhibit A an agency agreement between Mayflower and New Bell reciting that New Bell is appointed as Mayflower's agent in the City of Norfolk, Virginia, the Complaint alleges throughout that Mayflower is liable to Plaintiffs by application of apparent agency rather than actual agency.

The Amended Complaint, filed in January 2011, added counts against both defendants for violation of the Virginia Consumer Protection Act and for fraudulent inducement. Counsel represented at oral argument that he and his clients were unaware that New Bell was not in fact an authorized agent of Mayflower for the services at issue in this litigation until he took witness depositions in November 2010. Counsel provided an excerpt of a deposition transcript of James Ashley of New Bell, who testified that New Bell was an authorized agent of Mayflower only for purposes of interstate moving and hauling and not for purposes of any intrastate jobs.

A. *Count I: Virginia Consumer Protection Act (against New Bell)*

The Virginia Consumer Protection Act (VCPA), Va. Code § 59.1-196 *et seq.*, provides that any individual action must be commenced within two years after the accrual of the right of action. The statute incorporates by reference the accrual provision in § 8.01-249, which provides that the cause of action accrues when the misrepresentation is discovered or reasonably should have been discovered.

The claims under the VCPA allege that New Bell misrepresented its status as a Mayflower agent authorized to provide intrastate moving services. Plaintiffs allege that they would not have entered into a contract with New Bell but for the representations about the Mayflower affiliation. Defendant attacks only the timeliness and not the sufficiency of this count. Counsel argues that any misrepresentation about New Bell's status as Mayflower's agent took place in 2006, that all of the damage to Plaintiffs' property was discovered or known as of December 2008 when the goods were returned, and that the VCPA claim was not added within two years of either date.

New Bell has the burden of proving that the claim is time-barred, and it presented no evidence in support of its plea. Plaintiffs' counsel represented that his clients did not know about any limitation on New Bell's agency until the November 2010 deposition of Mr. Ashley. The Agency Agreement does not include the limitation that Mr. Ashley described. The Court has an insufficient record upon which to determine that Plaintiffs

should reasonably have discovered the claimed violation of the VCPA and therefore overrules the Plea in Bar at this time, without prejudice to Defendants' right to present evidence in support of the affirmative defense at trial.

## B. *Count II: Virginia Consumer Protection Act (against Mayflower)*

Plaintiffs argue in Count II that Mayflower is vicariously liable for the VCPA violations committed by its apparent agent, New Bell. Under Virginia law, an apparent agent may bind his principal only in contract. Virginia has not adopted the theory of apparent agency as a basis of tort liability. *Sanchez v. Medicorp Health Systems*, 270 Va. 299 (2005). Mayflower's demurrer to Count II is sustained without leave to amend.

## C. *Count III: Fraudulent Inducement (against New Bell)*

New Bell has not demurred to Count III but has only challenged the timeliness of the claim. Plaintiffs assert that they were fraudulently induced to contract with New Bell by the false representation that it was a Mayflower authorized agent for their job and by the false statement that it would provide insurance to the plaintiffs. This claim, like the one asserted in Count I, accrued when the falsity of the misrepresentation reasonably should have been discovered. The Court lacks any information sufficient to support a conclusion about when Plaintiffs should reasonably have discovered that the alleged fraudulent representations were false. The Plea in Bar is therefore overruled, without prejudice to New Bell's right to present evidence in support of the affirmative defense at trial.

## D. *Count IV: Fraudulent Inducement (against Mayflower)*

Plaintiffs argue that Mayflower is vicariously liable for the fraudulent statements of its apparent agent. Apparent agency does not provide a basis for vicarious liability in tort. Mayflower's demurrer to Count IV is sustained without leave to amend.

## E. *Count V: Breach of Contract (against New Bell)*

Count V describes two different alleged breaches by New Bell: the breach of its agreement to return personal property in good condition and the breach of an agreement to provide property loss insurance. New Bell demurs to each aspect of this count. Addressing the second claim first, New Bell argues that the contract on its face does not state that it would provide property loss insurance; it merely provides for an increase in New Bell's maximum liability for the goods, in exchange for an increased fee.

The relevant part of the printed contract states:

> Rates shown hereon are reduced rates, based on your agreement to release the shipment to us subject to a limit of liability not to exceed 60¢ per pound per article. If you prefer, you may pay a higher schedule of rates in which case our liability will be increased according to the schedule of rates agreed to. Or you may agree to have the goods handled by us subject to a limit of liability not to exceed 60¢ per pound per article or order insurance through New Bell storage subject to a minimum value no less than $15,000. We must know the type and amount of storage you wish, if any, no later than the second working day prior to the date on which the work is to commence.

In handwriting under the above-quoted language, in a box titled "Special Instructions," the contract states: "Full Value Protection is optional. FVP @ $110,000." The second page of the contract has a box titled, "Insurance / Full Value Protection. The shipper declares the actual cash value of this shipment to be $110,000." The Court interprets the "Special Instructions" box to be the place on the form where the shipper advises whether he wishes to pay a higher schedule of rates for an increased liability or whether he wishes to order insurance. In the instant case, the shipper indicated that she wanted the increased liability limit of $110,000.

The contract does not obligate New Bell to purchase insurance coverage for Plaintiffs; it does increase New Bell's maximum liability for damage or loss to their full value which was stipulated to be $110,000. The Court agrees that Count V fails to state a claim for breach of a contract to provide insurance coverage and sustains New Bell's demurrer to that extent.

New Bell also demurs to Count V insofar as it duplicates Count VII, which seeks a recovery for the same losses under the law of bailment. The Court finds that Count V properly states a claim for breach of contract for failure to return the furniture in good condition and overrules the demurrer as to that breach.

F. *Count VI: Vicarious Liability (against Mayflower)*

Plaintiffs have adequately alleged sufficient facts to support a finding that Mayflower clothed New Bell with the apparent authority to bind it in contract. Mayflower's demurrer to Count VI is overruled.

### G. *Count VII: Bailment (against New Bell)*

Plaintiffs allege in Count VII that New Bell failed to use ordinary care in performance of its duties relating to the handling of their personal property. This count essentially duplicates Count V, which claims that the same actions constitute a breach of Plaintiffs' contract with New Bell.

The two counts are duplicative, but they are proceeding under different theories of liability. Count V sounds in contract, and Count VII sounds in tort. The Virginia Supreme Court approved submitting both contract and bailment issues for the same damage in *Volvo White Truck Corp. v. Lowell Phillip Vineyard*, 239 Va. 87 (1990). The Court finds that the *Volvo White* decision controls this dispute and that it requires that the demurrer be overruled.

### H. *Count VIII: Bailment (Vicarious Liability against New Bell)*

For the reasons stated previously, the Court finds that the Complaint fails to allege that Mayflower may be vicariously liable in tort for the actions of an apparent agent. Mayflower's demurrer to Count VIII is sustained.

### I. *Punitive Damages*

Mayflower has also demurred to the request for punitive damages as to it. The Court agrees that the Complaint fails to state a claim against Mayflower that would provide a basis for the award of punitive damages. The demurrer is sustained.

### *Order on Special Pleas in Bar and Demurrers*

For the reasons stated in the Court's Letter Opinion dated April 22, 2011, the Court rules as follows:

1. Count I: Defendant New Bell's Special Plea in Bar is overruled.

2. Count II: Defendant Mayflower's Demurrer is sustained. Count II is dismissed without leave to amend.

3. Count III: Defendant New Bell's Special Plea in Bar is overruled.

4. Count IV: Defendant Mayflower's Demurrer is sustained. Count IV is dismissed without leave to amend.

5. Count V: Defendant New Bell's Demurrer is sustained to the claim that it breached a contract with Plaintiffs by failing to provide insurance. The Demurrer is overruled to the claim that it breached a contract with Plaintiffs by failing to return personal property in good condition.

6. Count VI: Mayflower's Demurrer is overruled.

7. Count VII: Defendant New Bell's Demurrer is overruled.

8. Count VIII: Mayflower's Demurrer is sustained.

9. Mayflower's motion to strike the punitive damages claim as to it is sustained.

Endorsements of counsel are waived pursuant to Rule 1:11. Counsel for the parties are directed to file any written objections to this Order within fourteen days. It is so ordered.